### Jackson, ex dem. William Mackay, *vs.* Slater.

A *statute foreclosure* of a mortgage 31 years after the monies secured there-by fell due, rebuts the presumption of payment arising from lapse of time.

The fact of the premises being occupied by a mere naked possessor, neither holding or claiming under the mortgage, may be relied on as a circumstance to rebut the presumption of payment.

This was an action of ejectment, tried at the Clinton circuit in June, 1829, before the Hon. Esek Cowen, one of the circuit judges.

The plaintiff claimed the premises in question, under a mortgage executed by one John Blake to William Mackay, bearing date February 10, 1790, given to secure the payment of $1225, on the 1st January, 1791. On production of the mortgage, and shewing title in the mortgagee, the plaintiff rested. The plaintiff moved for a nonsuit, on the ground that by presumption of law, the mortgage was paid. The judge intimating his opinion that on such evidence there could be no recovery, the plaintiff offered to prove a *statute foreclosure* of the mortgage on the 5th June, 1822, and sundry conveyances under it to the lessor of the plaintiff, and that the defendant was a naked possessor without title, neither holding or claiming under the mortgagor ; this evidence was objected to, and rejected by the judge, who ruled that an *ex parte* foreclosure of the mortgage in 1822 was insufficient to rebut the presumption of payment, and directed the plain-

tiff to be nonsuited, with leave to move to set the same aside. A motion was now accordingly made.

*S. Stevens,* for plaintiff.

*Greene C. Bronson,* (attorney general,) for defendant.

*By the Court,* SAVAGE, Ch. J. It is contended on behalf of the plaintiff that though the lapse of 20 years without the payment of interest or the recognition of the mortgage by the mortgagor or those claiming under him raises a presumption of payment, yet that presumption may be rebutted, and is rebutted in this case by the foreclosure.

It is not correct to say, in any case, that lapse of time is evidence of payment. Lapse of time raises a presumption of payment, which supplies the place of evidence, and is conclusive, unless rebutted, 12 *Johns. R.* 245; but as it is only a circumstance, it may be rebutted by other circumstances. 10 *Johns. R,* 417. The defendant is a mere stranger, occupying the premises, without claim of title. He surely cannot be in a better condition than the mortgagor, (who, upon the proof produced, is the absolute owner, provided the mortgage cannot be enforced.) Any admission on the part of the mortgagor shewing the mortgage unpaid would be proper to rebut the presumption of payment. In *Jackson* v. *Pierce,* 10 *Johns. R.* 415, a report from some of the state officers, stating that the mortgage was unpaid, was held as against the people, to rebut the presumption. It would not be disputed that had a bill been filed in chancery to foreclose this mortgage, the parties in interest brought into court, a sale decreed, and a master's deed under such sale, that such evidence would not only be sufficient to rebut the presumption of payment, but would be finally conclusive against the mortgagor and all claiming under him. In this case the foreclosure was under the statute; and that statute provides that every foreclosure made under it shall be an absolute bar of the equity of redemption, and shall have *the like effect* as if the mortgage had been foreclosed in the court of chancery by a decree against all parties in interest. 1 *R. L.* 575, § 14. 10 *Johns. R.* 195. 2 *Cowen,* 230.

If, therefore, the mortgagor himself had been in possession, the presumption of payment would have been raised in his favor by lapse of time, but it would have been completely rebutted by the foreclosure. His mouth would have been stopped; he would not have been permitted to say that the foreclosure was ex parte, and therefore invalid. The statute says, it shall have the same effect as a foreclosure in chancery. In a court of law it is conclusive upon all parties in interest; and if so, shall a party who has no interest have greater rights than those who have?

In *Bailey* v. *Jackson,* 16 *Johns. R.* 214, it is said that the presumption of payment arises where the mortgagor has been in possession, and no interest paid, nor any step taken to enforce the mortgage. In *Jackson* v. *Pierce,* 10 *Johns R.* 417, the fact that the premises were uncultivated, and a forest for a portion of time, was considered a circumstance to rebut the presumption of payment. And if so, it seems to me that the fact that the premises are not occupied by any person claiming under the mortgagor, but a mere stranger, should also be a circumstance to rebut the presumption; may it not be inferred from hence that the mortgagor had abandoned the premises to the mortgagee; else they would not be occupied by a mere naked possessor.

The mortgage, if in force, was sufficient to authorize a recovery; and the facts offered should have been received and submitted to the jury to rebut the presumption arising from lapse of time.

Nonsuit set aside; new trial granted; costs to abide the event.