WILLIAM APPLETON *et al. vs.* MELZER EDSON.

RUTLAND,
*February,*
1836.

*A presumption against the title of the mortgagee, arises from mere lapse of time, in favor of a stranger.*

*Where the possession has been vacant, courts will not presume any thing against the legal estate.*

*Where an administrator held a mortgage for the benefit of the heirs, he may make a valid conveyance to the heirs, notwithstanding an adverse possession in a stranger.*

This was an action of ejectment for the recovery of a lot of land in Mendon, drawn to the right of Moses Wheelock, by him deeded to Ephraim Wheelock, who executed a mortgage deed of the same to Wm. Sullivan and Jonathan Amory of Boston, in the capacity of administrators of James Cutter, formerly of Boston, deceased, given to secure the payment of a certain bond. The latter deed was dated September 10, 1799, and the bond described in the condition, September 2, 1799. The substance of the condition was the payment of $1136 57—one moiety June 1, 1800, and the other moiety one year thereafter. It appeared from the record of the court of probate, in the district of Suffolk, Massachusetts, that Amory and Sullivan were duly appointed administrators, and had fully settled their administration account, and been decreed to distribute to the widow and heirs the balance in their hands. It was also in evidence that the plaintiffs were the only heirs of James Cutter—that Amory was dead, and Sullivan the surviving administrator. After the introduction of this evidence, the court decided, that as a matter of law, the presumption was *prima facie* that the bond was paid, and that it would be the duty of the jury, there being no proof to the contrary, so to presume. The plaintiffs then introduced a deed from William Sullivan, surviving administrator upon the estate of James Cutter to these plaintiffs. It was admitted that the defendant was in possession of the premises at the time of the execution of the deed, and at the time of the commencement of this suit, claiming adversely to the plaintiffs (i. e.) under a vendue or collector's deed of the premises. The court decided that the deed was void, and therefore a verdict was found for the defendant. To the decisions of the court the plaintiffs excepted.

*Mr. Ormsbee for the defendant.*—In this case, the mortgage under which the plaintiffs claim, was of such ancient date that the presumption of law is that it has been paid.

The deed under which plaintiffs make out their title is as to the

RUTLAND, ·
February,
1836

Appleton et al.
vs.
Edson.

defendant in possession at the time of its execution, and claiming adversely, void.

*Mr. Smith for plaintiffs.*—The court cannot, in this case, presume the title of the mortgagees under which the plaintiffs claim extinguished.

1. On the non-payment of the mortgage money at the time fixed in the condition, the title became absolute in the mortgagees. The mortgagor became a tenant at will, and cannot acquire a title by possession or lapse of time as against the mortgagee.

2. The statute (page 170) has prescribed the mode in which satisfaction of a mortgage must be acknowledged, and in the absence of this, it cannot be presumed.—Stat. ch. 18, §11.

3. If the court are at liberty to presume satisfaction of the mortgage, *mere* lapse of time is not sufficient to warrant that presumption.—Pow. Mort. 160.—1 Mad Chan. 519, 120.

Nothing is said in the case as to the possession—*Non-constant,* the mortgagee has had it.

4. The presumption of satisfaction cannot be made but in favor of the mortgagee, or some one claiming under him. The defendant is a stranger, and shews no title but mere naked possession.—*Doe* vs. *Cooke,* 19 Com. Law Rep. 46.—5 Pet. Cond. Rep. 241.—1 Paine Rep. 467, 470.

The plaintiffs' deed was not void on the ground that defendant was in adverse possession of the premises, at the time it was executed. It was a conveyance of the trustee to the *cestui que trust* —a uniting of the legal and the trust estate—the possession and the use, and does not come at all within the act passed to prevent fraudulent speculations.

But allowing the deed to be void, the plaintiffs being *cestui que trust,* can maintain the action without it. The Statute of *Uses* (27 Hen. VIII. ch. 10) is in force in this state, and by virtue of it the plaintiffs have the possession. Where the common law is adopted, this statute is recognized as a part of it.—1 Swift's Dig. 133—1 Con. Rep. 354—1 N. H. Rep. 232—3 do. 261, 264— 4 Mass. Rep. 135—6 do. 31—10 John. Rep. 456—18 do. 261, 264—3 Bin, 595—5 Pet. Rep. 241.

When a court of equity would compel a trustee to convey, or it is his duty to convey, the court direct the jury to presume a conveyance.—4 Term Rep. 682—7 do. 2—5 do. 682—11 John. R. · 91, 97, 446, 456—13 do. 513—10 do. 475—9 do. 171—7 Wheat. Rep. 59, 109; 112, 113—6 do. 504.

The formal title of the trustee cannot be set up as against the *cestui que trust.*—3 Bur. Rep. 1398, 1901—1 Vt. Rep.— Cowp. 43, 46—19 Com. Law Rep. 44, 46.

RUTLAND,
*February,*
1836.

Appleton *et al,*
*vs.*
Edson.

The opinion of the court was delivered by

REDFIELD, J.—The first question raised here is, whether this defendant, being a stranger to the title, can claim to show by mere lapse of time a bar to the plaintiffs' right of action, on the mortgage debt, in order to defeat his recovery in this action? It is true, no doubt, that the lapse of time in this case being more than twenty years, is, unexplained, sufficient to bar all recovery upon the *bond.* It is also true that the mortgage is but an incident to the *bond.* But it is never true that mere lapse of time will raise a presumption of payment of the *debt.* If the possession has all along been vacant, no presumption in relation to the payment of the debt or the title would arise; but this circumstance of itself would be sufficient to rebut any such presumption.—*Jackson ex dem.* vs. *Pierce,* 10 John. 417. The same is true where the possession of the mortgaged premises is in a stranger.—*Jackson ex dem. vs. Slater,* 5 Wendell, 295. And in the latter case it was held that the possession being in a stranger, did tend to raise a presumption that the mortgagor had abandoned in favor of the mortgagee.

It is a well-settled principle that when a conveyance or release is presumed from lapse of time, this presumption is made in favor of the legal estate, and to *quiet* always, but never to *disturb* a possession. An eminent judge once said, " he would presume *any* thing which might be necessary to quiet so *long a possession.*"— Hence if the mortgagor continues in possession twenty years after condition broken, it will be sufficient ground of presuming payment of the mortgage debt, unless interest or rent have been paid in the mean time.—*Jackson ex dem.* vs. *Wood,* 12 John. R. 242. If the mortgagee has been in possession, a release of the equity of redemption will be presumed. Deeds and conveyances of every kind almost, and sometimes against all rational grounds of belief, for the purpose of quieting a long possession, and preventing injustice from some technical lapse have been presumed, but never in favor of a stranger, or of a vacant possession, or against the legal title, which in this case has all along been in the plaintiffs' grantor.— Hence we feel clear that no such presumption could arise in the present case.—2 Williams' Saunders, 175, and cases referred to.— *Higginson* vs. *Wain,* 4 Cranch, 415—2 Pet Cond. 155.

A second question was decided in the court below, and has been here very elaborately discussed, and as it is important to the final

RUTLAND,
February,
1836.
Appleton et al.
vs.
Edson.

determination of the case, the court have passed upon it.   The question is, whether the deed from William Sullivan to plaintiffs is void by reason of an adverse possession.   This being a deed from the *cestui que trust* to the trustee, the plaintiff being heir to the estate, of which Sullivan was administrator, and the mortgage originally having been taken to secure payment of a debt due the estate, it is only such a conveyance as a court of equity would have compelled the parties to have made.   And in every case where the conveyance is by operation of law, as by levy of execution (1 D. Chip. Rep. 139)  or sold by Marshall of the United States, (Aldis adm'r of Gadcomb *vs.* Adams, Chit. Co. Jan. T. 1836,) or where Chancery would compel a conveyance, as was some years since held in a case decided in Bennington County, not yet reported, in any such case, if the parties make a conveyance, it is not rendered void by reason of an adverse possession at the time in a stranger.

We feel very certain then  that the case under consideration is not within the spirit and intention of the statute declaring conveyances void by reason of an adverse possession.   This statute is only in affirmance of the doctrine of the common law.   The object of this prohibition seems to have been to prevent speculations in " choses in action," or in other words, " the sale of law suits."— Hence where the conveyance is to one in possession, the statute does not operate.   And as between the *cestui que trust* and *trustee*, after the statute of 27 Henry VIII., called the Statute of Uses, the statute transferred the legal to the equitable estate with the possession, and thus there was no need of a conveyance.   And without reference to the doctrine of the Statute of Uses, a conveyance of the legal estate to him who is beneficially interested, is good to convey the legal title, notwithstanding an adverse possession in a stranger.   This is not among the class of cases intended to be reached by the statute, as it never required livery of seizin.

The judgment of the county court is therefore reversed, and a new trial granted.