| 6   607 |
| 131a 115 |
| 6b  607 |
| 23ap 87 |

## HARRINGTON *vs.* THE PEOPLE.

Parol evidence is inadmissible for the purpose of divesting the title of the owners of real estate.   Accordingly, where a particular place, claimed to be a public highway, had never been opened, or worked, or used, as a highway, it was *held* that it could not be proved a highway, by parol.

The want of jurisdiction in tribunals of special and limited jurisdiction can always be shown.

If they do not acquire jurisdiction their proceedings are *coram non judice,* and void.

The party claiming under the judgment or final determination of such tribunals is bound to prove, affirmatively, the facts necessary to give them jurisdiction.

The jurisdiction of a court, whether of general or limited jurisdiction, may be inquired into, although the record of the judgment states facts giving it jurisdiction.

No court or officer can acquire jurisdiction by the mere assertion of it, or by falsely alledging the existence of facts on which jurisdiction depends.

If the record of an inferior court or tribunal omits to state facts necessary to give it jurisdiction, such record, without proof of the facts *aliunde,* is not evidence, for any purpose.

To give commissioners of highways jurisdiction of proceedings to lay out a highway, an application must be made to them, in writing, by a person liable to be assessed for highway labor.

And an order directing the laying out of a highway, made by a county judge on appeal from a decision of such commissioners, must recite the making of such an application to the commissioners.   Otherwise the order will not be conclusive evidence of the regularity of the proceedings for laying out the road.   And unless the facts necessary to give the commissioners of highways jurisdiction are proved, *aliunde,* such order will not be evidence for any purpose.

On an indictment for an assault and battery, the defendant may give evidence to show that he owned the premises on which the assault and battery were committed, and that he did the acts complained of, in defence of the possession of his said premises.

And if the assault and battery was committed in resisting persons entering upon the premises to open and work a highway, the defendant may prove that the alledged highway was laid through his orchard of four years' growth, without his consent.

ERROR from the court of general sessions of Washington county. This was an indictment for an assault and battery, committed upon one Martin Burch by the defendant below, while Burch was engaged in removing a fence. The question on the trial was, whether the place where the fence (attempted to be removed) was standing, and where the assault and battery was committed, was a public highway. The district attorney offered parol and documentary evidence to show that the place was in a public highway; which evidence was objected to by the defendant as inadmissible, but was received by the court. The jury convicted the defendant.

*E. D. Culver*, for the plaintiff in error.

*C. F. Ingalls*, (district attorney,) for the people.

*By the Court,* PAIGE, P. J. Burch was a witness on the trial, on behalf of the people. He was asked whether the place in question was a public highway. This question was objected to by the defendant, but the objection was overruled by the court. Burch testified that the place was a public highway. It is apparent from the evidence, that the public highway, or what was claimed to be one, had neither been opened or worked, or used as a public highway. The attempt therefore was, by parol evidence, to divest the title of the owners of real estate. I think the evidence was inadmissible.

The district attorney offered in evidence an order of John McLean, first judge of Washington county, laying out the highway in question, made on an appeal to him by Martin Burch from the decision of the commissioners of highways of the towns

of Easton and Cambridge, refusing to lay out such highway. This order was objected to as evidence, on the grounds that it did not show that the preliminary steps had been taken to give jurisdiction to the judge; and that the proceedings were had on the appeal, before the expiration of sixty days from the filing of the decision of the commissioners of highways. The evidence was also objected to, on the ground that there had been no written application to the commissioners to lay out the road; and also on the grounds that the road laid out by Judge McLean was laid out though an orchard of more than four years' growth, and through fixtures and a cider mill, without the consent of the owner. And the defendant offered to prove the truth of the facts stated in his objections. All the objections were overruled, and the evidence was received. The district attorney also read in evidence the written decision of two judges of the county of Washington, associated with Judge McLean, made on an appeal to them by one Julius Phelps from the decision of Judge McLean; which decision of the three judges affirmed that of Judge McLean. The defendant offered to prove, by way of defence and justification, that he owned the premises where and on which the assault and battery were committed; and that he did the acts complained of in defense of the possession of his said premises; that the road was laid through the orchard of the defendant, of more than four years' growth, without his consent, and also through his cider mill and the yard necessary for the use and enjoyment thereof, without his consent; that twelve reputable freeholders did not examine and certify in regard to the necessity and propriety of the road, before it was laid out; and that the notices required by the 59th section of the title of the revised statutes relative to highways were not posted, as required by that section. The court overruled this defense, and decided that the order made by Judge McLean, and the order of affirmance of that decision, made by the two judges associated with him, were conclusive evidence of the regularity of the laying out of the road.

Judge McLean and the two judges associated with him on the appeal from his decision, constituted tribunals of special and

limited jurisdiction. The want of jurisdiction in such tribunals can always be shown. If they do not acquire jurisdiction their proceedings are *coram non judice,* and utterly void. And the party claiming under the judgment or final determination of such tribunals, is bound to prove affirmatively, the facts necessary to give them jurisdiction. (*Striker* v. *Kelly,* 7 *Hill,* 24. 19 *John.* 34, 40. 2 *Hill,* 468, *and note.* 20 *Wend.* 241. 3 *Barb. Sup. C. Rep.* 341. 1 *Hill,* 139. 15 *John.* 141. 9 *Cowen,* 229. 5 *Wend.* 295. 11 *Id.* 641.)

If a court, whether of general or limited jurisdiction, undertakes to hold cognizance of a cause without having jurisdiction both of the person and the subject matter, the proceedings will be utterly void. And in the case of a limited or special jurisdiction, the magistrate or party attempting to enforce a proceeding founded on any judgment, sentence, or conviction, in such case becomes a trespasser. (19 *John.* 40, 41. 3 *Cow.* 209 ; 2 *Cow. & Hill's Notes,* 990.) The jurisdiction of a court, whether of general or limited jurisdiction, may be inquired into, although the record of the judgment states facts giving it jurisdiction. No court or officer can acquire jurisdiction by the mere assertion of it, or by falsely alledging the existence of facts on which jurisdiction depends. (5 *Hill,* 168, *per Bronson, J.* 5 *Wend.* 158. 6 *Id.* 452.(*a*) The statement or recital, in a record of an inferior court or tribunal, of facts constituting jurisdiction, may be received as prima facie evidence of such facts. (12 *Wend.* 102. *Jenks* v. *Stebbins,* 11 *John.* 226. 15 *Wend.* 372. 3 *Id.* 42.) But if the record of the inferior court or tribunal omits to state facts necessary to give it jurisdiction, such record, without proof of the facts *aliunde,* is not evidence for any purpose. (11 *Wend.* 647. 5 *Id.* 292. 2 *Cow. & Hill's Notes,* 1013. 8 *Cow.* 361, 370.) But it seems that the record of the judgment or conviction of an inferior court or tribunal which has jurisdiction over the subject matter, is, if no defects appear on the face of it, conclusive evidence of all facts stated in it, except such as are jurisdictional. (13 *John.* 184. 3 *Wend.* 42, 47. 16 *East,* 13, 20. *Strickland* v. *Ward,* 7 *Term Rep.* 630, *note.* 2 *Phil.*

(*a*) See also *Prosser* v. *Secor,* 5 *Barb. Sup. C. R.* 607.

*Ev.* 415, *Cow. & H. ed. Basten* v. *Carew,* 3 *Barn. & Cress.* 649. *Brittain* v. *Kinnaird,* 1 *Brod. & Bing.* 432. *Mather* v. *Hood,* 8 *John.* 50. 8 *Cow.* 137.)

Every statute authority in derogation of the common law, to divest the title of one and transfer it to another, must be strictly pursued, or the title will not pass. The recitals in a conveyance given under such statute authority are not evidence of the regularity of the proceedings; and the fact that they were regular must be proved, and the *onus* rests on the purchaser. (4 *Hill,* 86. 2 *Barb. Sup. C. R.* 113. 3 *Id.* 275, 341, 360. 7 *Cowen,* 88.) The order of Judge McLean, made on the appeal to him, and the order of the two judges associated with him, affirming his decision, do not state the facts necessary to give the commissioners of highways jurisdiction of the application of Burch to lay out the highway in question. To give the commissioners jurisdiction an application should have been made to them, in writing, by a person liable to be assessed for highway labor. (1 *Rev. Stat.* 513, § 56.) This fact is not recited in the order of Judge McLean; and the defendant offered to prove that no such written application had been made to the commissioners. If the commissioners had no jurisdiction of the application to lay out the road, their determination was void; and the appeal from that determination, and the decision on the appeal, were also void. If no legal foundation was laid for the appeal, both appeals, and all the proceedings thereon, were nullities. The court below erred in deciding that the orders of Judge McLean, and of the three judges, were conclusive evidence of the regularity of the laying out of the road. These orders, as the district attorney did not prove the facts necessary to give the commissioners of highways jurisdiction, were not evidence, for any purpose. The district attorney ought to have been required, by the court, to prove the facts made necessary by the statute to give the commissioners jurisdiction; or at least the defendant should have been allowed to show their want of jurisdiction.

The court ought to have received the evidence offered by the

defendant, that he owned the premises on which the assault and battery were committed, and that he did the acts complained of, in defence of the possession of his said premises. If the defendant was the owner, and in possession of, the premises, he had a right to defend his possession against the tortious entry of an intruder.

If the premises where the battery was committed was an orchard of four years growth, the highway could not have been laid through it without the consent of the defendant. And if the highway had been laid out through this orchard without the defendant's consent, the commissioners of highways, and their agents, would have been trespassers, in entering upon the premises to open and work such highway. (4 *Cow.* 190.) The evidence, therefore, offered by the defendant to show that the road was laid through his orchard without his consent, should have been received. The offer was not very specific, but it was undoubtedly intended as an offer to show that the identical premises where the battery was committed were an orchard, and the orchard referred to, through which the road was laid. If it had appeared that the premises where the battery was committed, belonged to, and were in the possession of the defendant, and that they were enclosed, improved, or cultivated, and that the road had been laid through them without the defendant's consent, it would undoubtedly have been necessary for the district attorney to have shown that the necessity of the road had been certified to by the oaths of twelve reputable freeholders, as required by the title of the statute relative to highways.

The mistake in the date of the order of Judge McLean, was a clerical mistake, and did not invalidate the order. The neglect of Judge McLean to suspend proceedings upon the appeal to him, until the expiration of 60 days from the determination of the commissioner of highways, as required by the 85th section of the statute, (1 *R. S.* 518,) if that section was not merely directory, was only erroneous, for which the remedy was by certiorari. It did not render his proceedings and decision void.

It is not necessary to notice any of the other questions raised on the argument.

The judgment of the court below must be reversed, and an order entered for a new trial in the court of sessions of Washington county.

SAME TERM.   *Before the same Justices.*