By the Court. Bosworth, J.
The appeal in this case presents substantially but two questions:—
First. Is the judgment confessed by Waterman to the Heckers fraudulent and void, as against the plaintiffs, either by reason of matters appearing on its face, or by reason of facts admitted in the pleadings, or by reason of both ?
Second. Is the assignment made by Waterman to the Heckers fraudulent and void, as against the plaintiffs, on any such ground ?
All the extrinsic facts alleged in the complaint, on the existence of which the charge of an actual intent to defraud is based, are denied in the answers. No evidence was permitted to be given of the extrinsic facts thus affirmed or denied, but the action was tried and decided on the ground that the assignment, judgment, and purchases of the assigned property mentioned in the pleadings, were, in judgment of law, fraudulent and void, for reasons or grounds in their nature not susceptible of explanation, arising from the terms of the assignment, and from the facts in and by the pleadings admitted.
First, as to the judgment. Is that void for any such reason, or upon any such ground ? The whole amount of it is alleged *178 to have been justly owing to the Heckers. There is no fact admitted which can excite a doubt of the truth of this allegation. It was, therefore, confessed to secure a just and meritorious debt.
The allegations of extrinsic facts, and which, if admitted or proved, would furnish evidence of an actual intent to defraud, are severally controverted, and the existence of any such actual intent is denied. The third title of the chapter of the Revised Statutes, in relation to fraudulent conveyances and contracts, declares that every conveyance or assignment of property made with the intent to hinder, delay, or defraud creditors, and every judgment suffered with the like intent, shall be void, as against the persons so hindered, delayed, or defrauded. That the question of fraudulent intent, in all cases arising under that chapter, shall be deemed a question of fact and not of law.
There is no fact affecting the judgment, admitted by the pleadings, which furnishes any evidence of an intent to defraud, unless the fact that the judgment was confessed furnishes it. On the argument the validity of the judgment was assailed, on the ground that the statement or confession, on which it was entered, does not conform to the requirements of the Code. The complaint neither sets forth the terms of the statement, nor avers, nor intimates, that it is not, in any respect, a full compliance with both the letter and spirit of the statute. It seeks to avoid it, on the ground of there being an actual intent to defraud, evidenced by facts, other than the terms or form of the statement, or its non-conformity to the Code.
The statement was in writing, was signed by Waterman, and verified by his oath; it stated the amount for which judgment might be entered, authorized the entry of a judgment therefor, and- showed that it was for money to become due, and that the sum confessed therefor was justly to become due.
It is objected that the confession does not “ state the facts out of which” the indebtedness arose, for the amount of which the judgment was confessed. The Code requires the instrument to “ state concisely the facts out of which” the indebtedness arose; and is silent as to the consequences of an inartificial or imperfect statement, or of a substantial non-conformity to the Code.
*179 •In the statement the indebtedness is alleged" to have arisen “ upon the following facts. A promissory note made by me, bearing date the twenty-second of August, 1851, was given by me to the said plaintiffs (the Heckers) on settlement of account between them and me on the 22d of that month, wherein, for value received, I promised to pay to the order of the said plaintiffs, the said sum of five thousand two hundred and fifty-one dollars and one cent, one day from its date.”
What is meant by concisely stating the facts out of which the debt arose ? The same phraseology is used in other parts of the Code. A complaint is required to contain “ a plain and concise statement of the facts constituting a cause of action, without unnecessary repetition.” (§ 142.) The provision prescribing the form of a confession of judgment requires it to state “ concisely the facts out of which” the debt arose. The two phrases are of precisely equivalent import. Do the words used in § 308 make it indispensable to the validity of a judgment confessed, that more fulness and precision should be observed in detailing particulars than the same or equivalent words require in § 141 ? Under the latter it is unquestionably sufficient to state the making and delivery of the note, its terms, and that the whole amount of it is unpaid. But the confession not only states such facts, which facts, in judgment of law, constitute a good cause of action, but goes further, and states the actual consideration of the note, so far as to allege that it was given for a balance found to be justly due on a settlement of accounts between the parties, had on the day of its date.
The instrument authorizing a confession is both a complaint and a consent to the entry of a judgment for an amount, which the facts stated show to be justly due, or to become due. On a sworn complaint, in such terms, a plaintiff may have judgment at the expiration of twenty days from the service of the summons. On a statement containing such facts, when, in judgment of law, they show the person making it to be justly indebted in a sum certain, and agreed and sworn to by him, a judgment may be entered on filing the statement. Unless certain words used in one section of the Code are to be construed as meaning something essentially different, or requiring something substan *180 tially beyond what is meant and required by the same words, when used in another section of the Code, we are not at liberty to hold that the judgment confessed was a nullity.
Whenever the Code uses any word as meaning something more or different than its commonly accepted meaning, the definition is given, to prevent any uncertainty or embarrassment as to its precise import, but with what success need not be discussed.
We are of the opinion that the judgment entered under the Code upon confession, where an actual intent to defraud creditors is not established, cannot be held void collaterally, unless the statement on which it is entered is so essentially defective that it is absolutely void for the sole reason that no court has jurisdiction or authority to enter judgment upon it.
The Code is essentially unlike the act of April 21, 1818. (Session él, ch. 259, § 8.) The latter required, when a judgment was confessed, that the plaintiff or his attorney, on filing the record, should also put on file, signed by him or his attorney, a particular statement and specification of the nature and consideration of the debt or demand; and “ in case such demand shall arise on a note, bond, or other specialty, such statement or specification shall particularly set forth the origin and consideration of the same.” It also provides that if the plaintiff in such judgment shall omit to file such statement or specification, “ such judgment shall be taken, decreed, and adjudged fraudulent, as respects any other tona fide judgment creditors; and any ionáfide purchaser for valuable consideration of any lands bound or affected by such judgment.”
A judgment confessed while that act was in force, was valid as between the parties to it, although the required specification was not filed. (Seaving & Mead v. Brinckerhoff, 5 J. Ch. R. 329.) It was only void as to such creditors as were specially named in that act. As to them it was made void irrespective of the existence of any fraudulent intent, and notwithstanding the confession might have been made to secure the most meritorious debt, and in the most perfect good faith.
There is precisely the same difference between the two statutes as between § 1 of 2 R. S. 135 and § 1 of 2 R. S. 137.
An assignment prohibited by the section first cited is void *181 without reference to the intent with which it is made, while by the latter it can only be avoided on proof that it was made with an actual intent to defraud.
The Act of the 21st of April, 1818, was repealed from and after the 31st of December, 1829, and has not been since reenacted. (3 R. S., 2d ed., p. 159. Ho. 265.)
We are of the opinion that the confession was in proper form to authorize the judgment entered upon it, and that it cannot be held void for want of conformity to the requisitions of the Code. (See Mann & Savage v. Brooks, 7 How. P. R. 449; Whitney v. Renyon, id. 458.) And contra: (Plummer v. Plummer, id. 62 ; Schoolcraft v. Thompson, id. 446.)
Is the assignment void by reason of matters appearing on its face ?
It is insisted that the authority given “ to pay any such sum or sums of money as they may find proper and expedient, in and about the management of the said property, or payment of hands employed, or to be employed, in and about the same, or in the business of completing the manufacture of any of the said property, or fitting the same for sale, or working up materials, &c., so as to realize the greatest possible amount of money therefrom,” &c., renders it fraudulent and void as against creditors. *
We understand this clause, in connexion with the other parts of the assignment, simply to mean and provide, that if in the judgment of the assignees it should be “ proper and expedient” to expend any money in “ fitting” any of the assigned property for sale, or “ in completing the manufacture of any of the said property,” that the expenses thus incurred should be paid out of the proceeds of the sale. It is so obviously possible, to make it for the interest of creditors, to complete some articles that might be nearly but not entirely finished, or to incur some expense in “fitting” some of the property”for sale, that, in the absence of all authority, we should not feel at liberty to hold the assignment fraudulent and void merely because it contains that provision. We cannot hold it void without utterly disregarding the decision of the Court for the Correction of Errors in Cunningham v. Freeborne, 11 Wend. 240. In that case that court, by a vote of twenty-two to one, expressly *182 adjudged that an assignment was not fraudulent and void on that ground.
The assignment directs the sale and conversion of the property into money, and does not authorize a sale upon credit. It is not, therefore, void, solely on account of any trust or provision contained in-it.
The clause declaring it to he collateral to the judgment, hut that it is not to stand in conflict with, or lessen, abate, or affect the said execution, or the force and effect of the said levy and the lien created thereby, does not affect the validity of the assignment. If the assignment had been to third persons instead of the plaintiffs in the judgment, and had contained precisely the trusts and authority now embraced in and conferred by it, it would - necessarily, so far as it affected the Heckers, have been collateral to the judgment, and could not have affected the levy or the lien created by it.
So long as the judgment is not impeached by proof of an actual intent to defraud creditors, it being good and valid on its face, an assignment otherwise valid would not be vitiated because on its face it was made subject to valid pre-existing liens, created by the judgment, and a levy of the execution issued on it, upon the property assigned.
Whether the Heckers, by accepting the assignment and executing it, until arrested in the further execution of it by the proceedings taken in this action, waived all right to proceed under the judgment, is a matter of no consequence, until the assignment itself is successfully impeached. By the provisions of the latter the debt and judgment in favor of .the Heckers were to be first paid. Under either the proceeds would be first applied to pay their debt.
Whether they should have sold under the assignment, or whether they had no power to so sell the property levied upon without waiving rights that would exist unless unnecessarily relinquished, a sale has been had, and the proceeds have been actually applied to satisfy their debt. If sold for all it was worth, I do not see that the creditors have any just grounds of complaint on account of the manner in which, or the instrumentality by which, the sale was made. It was competent for Waterman at the time the sale took place, but for the levy and *183 assignment, to have himself sold the property, and with the proceeds to have paid the debts to which they have been applied. No creditor was then in a position to prevent such a sale and application, nor had acquired any rights, recognised by law, which were prejudiced by such acts. If the property has been sold and the proceeds applied, with the assent of the owner, to the payment of his just debts, the creditors who have received the proceeds can retain them, except as against other creditors, in a condition to call in question the good faith of the transaction, and who shall succeed in proving that the intent of it was to hinder, delay, or defraud them as such creditors.
Those who choose to claim under the assignment can call the assignees to an account, and charge them with such sums as a proper performance of their duties would have enabled them to realize. But the rights of persons, claiming under the assignment, are not now a subject of consideration.
If the assignment or judgment, either or both of them, is to be adjudged fraudulent and void, as against the plaintiffs, that adjudication can only be made upon proof of enough of the extrinsic facts, put in issue by the pleadings, to justify a jury in finding, or the court in adjudging, that the one was made, or the other confessed, with an intent to hinder, delay, or defraud them.
The judgment appealed from having been rendered without requiring any such proof to be given, and on the further ground that none could be given which would obviate the objections to both arising upon their face, and upon the admitted facts, it is erroneous and must be reversed.
If the assignment and judgment shall be established to have been made and confessed with intent to defraud creditors, the right of the plaintiffs to an accounting by Eowell for the assigned property bought by him, if he shall appear to be a purchaser for a valuable consideration, will depend upon their proving that Eowell had previous notice of the fraudulent intent of his immediate grantor, or of the fraud rendering void the title of such grantor. (2 R. S. 137, § 5 ; Jackson v. Henry, 10 J. R. 185 ; Jackson v. Slater, 5 Wend. 295 ; Woodcock v. Bennett, 1 Cow. 611.)
The defendants insist, that if the court shall be of the opi *184 nion that the judgment is erroneous, a new trial should not be ordered, but that the complaint should be dismissed. It is urged that no objection appears by the record to have been made by the plaintiffs to a trial of the cause upon the pleadings, and upon such evidence as they gave; and that having taken their chances upon the trial that has been had, they should not be permitted to-now litigate it upon the issues of fact joined in it, but should be concluded by the trial that has been had. If evidence had been given, and all the material facts controverted had been specially found, and no appeal had been taken by the plaintiffs from the decision as to the facts, and the facts, as established, entitled the defendants to a dismissal of the complaint, such a judgment might be proper. In this case the issues of fact have not even been tried, and the record shows that the course taken at the trial was in obedience to the direction of the court, and we see no more reason in this ease for not ordering a new trial than in any case where a verdict has been erroneously ordered in favor of plaintiff.
In this case the judgment appealed from must be reversed, and a new trial ordered, with costs to abide the final determination of the court in the premises.