EDWARD K. GLEZEN, Trustee, *vs.* WILLIAM T. HASKINS.

, PROVIDENCE—FEBRUARY 14, 1902.

PRESENT : Stiness, C. J., Tillinghast and Rogers, JJ.

(1) *Ejectment.　Adverse Possession.　Evidence.*

Plaintiff, in an action of ejectment, claimed under foreclosure of a mortgage.　Defendant claimed by adverse possession as against both plaintiff and the mortgagor.　To show his title plaintiff offered evidence that while the mortgage conveyed only a life-estate, a decree was subsequently entered to reform the mortgage so as to convey a fee, and that after the decree a new mortgage was given as of date of the former.　Defendant objected :—

*Held,* that the evidence was admissible to show plaintiff's title, and, moreover, as such reformation could not affect any independent rights of the defendant, its admission could not prejudice him.

(2) *Ejectment.　Adverse Possession.　Evidence.　Mortgages.　Payment Presumed from Lapse of Time.*

*Held,* further, that payment of the mortgage would not be presumed by mere lapse of time, since the decree in a suit in which the mortgagor was a party rebutted the presumption of payment, and the defendant was not privy in title with either the mortgagor or mortgagee.

(3) *Ejectment.　Mortgages.　Adverse Possession.　Disseizin.*

A mortgagee is not disseized by an adverse possession begun after his mortgage, and can convey his estate, as mortgagee, to a purchaser.

(4) *Adverse Possession.*

In an action of ejectment, where defendant claims by adverse possession, a verdict for the plaintiff is not against the evidence where it appears that defendant entered upon the land as a tenant and it does not appear that the owner was ever notified that defendant's holding had become adverse and it is uncertain when the adverse possession began.

TRESPASS AND EJECTMENT.　Heard on petition of defendant for new trial, and petition denied.

STINESS, C. J.　After verdict for the plaintiff in an action of ejectment, the defendant petitions for a new trial, alleging as grounds therefor erroneous rulings and verdict against the evidence.　The plaintiff claimed title by a sale under a mortgage given by Albert K. Barnes, dated May 11, 1875, to Abraham H. Okie, trustee, who had sold the land in question

to Barnes on the same day and taken the mortgage back. The mortgagee having died, the plaintiff was appointed administrator of his estate, and in seeking to foreclose the mortgage under the power of sale it appeared that the mortgage conveyed only a life-estate ; and, upon a bill filed, a decree was entered in this court April 10, 1900, to reform the mortgage by inserting the words " heirs, executors, and administrators," so as to convey a fee. Barnes, the mortgagor, was a party to the suit, and after the decree he executed a new mortgage as of the date of May 11, 1875.

(1)    The decree and deed were offered in evidence by the plaintiff to show his title, and the defendant objected to their admission upon the ground that, as he was not a party to the suit, he was not bound by them. The decree and deed were admitted, and to this the defendant excepted.

There was no error in the admission of these documents. As between the mortgagor and mortgagee the mortgage could be reformed, but of course such reformation would not affect any independent rights of the defendant if he was not a party thereto. For this very reason it was a ruling which could in no wise prejudice him, but which was necessary to the plaintiff in showing his title. If the defendant had claimed title by an intervening deed, without notice of the defect, a different question would have arisen. In *Bullock v. Whipp*, 15 R. I. 195, a bill was filed to reform a mortgage by affixing seals. An attaching creditor of the mortgagor was made a party to the suit, and he demurred to the bill. The court held that, as he knew of the equitable claim under the unsealed mortgage at the time of his attachment, the bill could be maintained, because he attached only the interest of the mortgagor in the property, and hence, he had no greater rights than his debtor.

Except, however, for some such relation as this, one not a party to a bill to reform would be unaffected by it and could show his independent title in defence. It was therefore proper to admit the documents objected to, as a part of the plaintiff's title, for what they might be worth. They were certainly relevant, because they were links in the title, and

as such admissible, just as a deed upon execution sale would be, though the defendant in possession was not a party to the action in which the execution issued. While it is true that in ejectment the plaintiff must recover on the strength of his own title, it follows that he should be allowed to show what that title is. Then, if it is not a *prima facie* title, he must fail ; if it is, the defendant must show a better title.

The defence in this case was adverse possession for more than twenty years. The decree and deed could not affect the title by possession. If made out, it would be good, whatever the.terms of the mortgage might be. . The documents were necessary for the plaintiff, in no way prejudicial to the defendant, neither incompetent nor irrelevant, and were therefore admissible.

(2)    The defendant requested the court to instruct the jury :

"If the jury find that the mortgage from Albert K. Barnes to Abraham H. Okie, trustee, was made in 1875 and was not foreclosed until 1898, then, no other facts appearing, said mortgage is presumed to have been paid and no title passed to the plaintiff."

This request was refused, and the defendant excepted.

We think that the request was rightly refused, for the reason that the decree of this court, in a suit to which the mortgagor was a party, reforming the mortgage, rebuts the presumption of payment.

If the mortgagor, or his privy in title, had denied his liability, and nothing appeared to show a liability during twenty years, without doubt the court would have applied the rule which the defendant invokes. Such was the case in most of the authorities cited by him. They were cases between parties or privies in title. The defendant in this case is not privy in title with either the mortgagor or mortgagee. On the contrary, he claims by a title of possession adverse to both. If he has had such possession for the statutory time, he holds the estate against both, whether the mortgage is regarded as paid or not, and a presumption of payment or an express recognition of the mortgage by the mortgagor could not affect him. He has no need to resort to a presumption.

If he has not had such adverse possession, he has no title which gives him any interest in the question whether the mortgage is to be presumed as paid or not. He is a stranger to the plaintiff's title. As was said in *Jackson* v. *Slater*, 5 Wend. 295 : " The defendant is a mere stranger, occupying the premises without claim of title. He surely cannot be in a better condition than the mortgagor, who, upon the proof produced, is the absolute owner, provided the mortgage cannot be enforced." In *Appleton* v. *Edson*, 8 Vt. 239, the court said : " The first question here raised is whether this defendant, being a stranger to the title, can claim to show by mere lapse of time a bar to the plaintiff's right of action on the mortgage debt, in order to defeat his recovery in this action." The action was ejectment, and it was held that the defendant could not set up the bar.

In other cases cited by the defendant the question was, as it is in this case, whether adverse possession would bar the mortgage ; *Cholmondeley* v. *Clinton*, 2 Jac. & Walk. 1 ; *Elmendorf* v. *Taylor*, 10 Wheat. 152 ; and it was held that it would bar a mortgage as well as any other title ; but that it does so upon the possession, as completed title, not on a presumption of payment. In *Emory* v. *Keighan*, 88 Ill. 482, and 94 Ill. 543, it was expressly held that a mortgage with which the defendant failed to connect himself was no defence to an action of ejectment, and that pleading the presumption of payment is a privilege of the debtor and not of a stranger.

(3)     Another exception taken by the defendant was to a refusal to charge the jury that if he was in adverse possession at the time the deed was made to the plaintiff, no title passed to the plaintiff and he is not entitled to recover.

The rule which the defendant here invokes is that one who is disseized cannot pass a title simply by deed. The reason for it is that one who is not seized of realty cannot convey it to another, because, since an action is necessary to get possession of the land, the grantor is deemed to have a right of entry merely, which is not assignable.

The rule, however, does not apply to this case. The mortgage was prior to the disseizin, so that the mortgagee took

not simply a right of action under it, but a title to the estate. That title was sold to the plaintiff. He has the right to sue upon it in the same way that a purchaser had under an administrator's deed, where adverse possession began after the intestate's death. *Knowles* v. *Blodgett*, 15 R. I. 463. In that case the administrator was held to exercise a power which operated upon the seizin of the intestate; and the estate in this case was sold in the same way. Moreover, a mortgagee is not disseized by one entering after his mortgage, unless it is by an adverse possession amounting to title. *Doyle* v. *Mellin*, 15 R. I. 523.

For these reasons, the request was rightly refused.

(4)     We think that the verdict is not against the evidence. The defendant entered upon the land as a tenant. It does not appear that he ever notified the owner that he no longer held as tenant, or brought to his knowledge the fact that his holding had ceased to be contractual and had become adverse. *Draper* v. *Monroe*, 18 R. I. 398. The testimony is very contradictory whether he entered upon the land at all before twenty years prior to this action, and if he did it is quite uncertain when the adverse possession began.

We cannot disturb the verdict upon this point.

Petition for new trial denied.

*James C. Collins, Willard B. Tanner, and James C. Collins, Jr.*, for plaintiff.

*F. P. Owen*, for defendant.