OUTLAW v. GARNER.

(Filed October 3, 1905).

*Wills—Legacies—Evidence—Presumption of Payment of Legacies—Burden of Proof.*

1.  Defendant's intestate in January, 1861, was bequeathed, among other legacies, $500.00 in money to her and her heirs forever, and if she died leaving no child, said money to go to plaintiff's intestate and her heirs.    Defendant's intestate died in 1903, leaving no child, and plaintiff's intestate died in 1887.    In this action, brought to recover the $500.00, alleging that the legacy had been paid to defendant's intestate, the following evidence: 1. The will.    2. The inventory and account sale filed in 1861, showing $13,000.    3. Report of commissioner showing that in September, 1863, that there was in the hands of executors $14,-000 due the legatees, none of whom had then been paid.    4. Receipts from two of the legatees in 1868, acknowledging receipt of a much smaller amount than their legacies, in full of all due from said executor, was properly held no evidence of payment of said $500 legacy to defendant's intestate.

2.  The presumption of payment from the lapse of time arises only between the executor and legatee, between debtor and creditor, it being a protection to discharge a liability and it cannot arise to create a liability to a third person on the part of the person who should have received the legacy.

3.  To create any liability on the part of the legatee over to the remainderman, there must be proof that the legatee recovered the sum.

ACTION by J. B. Outlaw, Administrator of Axy Simmons, deceased, against Joel J. Garner, Administrator of Rachel

Garris, deceased, heard by *Judge W. R. Allen* and a jury, at the August Term, 1905, of the Superior Court of DUPLIN County. From a judgment for the defendant, the plaintiff appealed.

*Grady & Graham* for the plaintiff.
*H. B. Parker, Jr.,* and *Thad. Jones* for the defendant.

CLARK, C. J. Nathan Garner, who died in January, 1861, bequeathed, among other legacies, to his daughter Rachel, a negro girl, and "$500 in money to her and her heirs forever. If the said Rachel Garner should die leaving no child or children, my will and desire is further that Axy Simmons to have said negro and the $500 to her heirs forever." Rachel died a widow and intestate in November, 1903, leaving no child. Axy Simmons died intestate in February, 1887, and the plaintiff qualified as her administrator January 13, 1904. This action was brought to recover the $500, alleging that the legacy had been paid to Rachel Garner. This is denied by the answer. The plaintiff, to sustain the burden of this allegation, relies upon the following evidence: 1. The will which bequeathed $3,300 in pecuniary legacies and made specific devises of certain realty and required the residue to be sold and proceeds divided between his four sons. 2. The inventory and account sales, filed by the executors, January and February, 1861, showing nearly $13,000 total. 3. Report of commissioner showing that on September 9, 1863, there was in the hands of said executors nearly $14,000 (including interest) due the legatees, none of whom had then been paid. 4. Receipts from two legatees (out of the ten) in April and October, 1868, acknowledging receipt of a much smaller amount than their respective legacies, "in full of all due from said executor."

The court properly held that there was no evidence of payment of said $500 legacy to Rachel to charge her estate in

favor of the plaintiff. Had there been any presumption of payment, it would have arisen at the end of two years, when by the statute (Rev. Code, chap. 46, sec. 24,) the executor was required to pay over, and this was rebutted by the plaintiff's evidence that the legacies were still unpaid in September, 1863, and the only evidence of subsequent payment was that of much smaller sums than their legacies "in full payment" to two other legatees in 1868. This was surely no evidence of a payment in full, or any payment at all, to Rachel. The inference, if any, indeed would be to the contrary.

But aside from that, the presumption of payment from the lapse of time arises only between the executor and legatee, between debtor and creditor. It is a protection to discharge a liability. It cannot arise to create a liability to a third person on the part of the person who should have received the legacy. To create any liability on the part of the legatee over to the remainderman, there must be proof that the legatee received the sum. When A owes B the lapse of time may raise a presumption of payment for the protection of A who may have lost his receipt, or have satisfied B otherwise than by payment, but it never creates a liability on B's part to a third person by reason of such presumed payment. Like the statute of limitations, presumption of payment "is a shield, never a sword." This is clearly stated by *Mr. Justice Burwell,* in *Cox v. Brower,* 114 N. C., 422, that the presumption of payment of a legacy is in favor of the party to be charged (not against him) "for the sake of repose and to discourage stale claims." The presumption against official misconduct also is a presumption in favor of the officer and cannot be invoked for the purpose of putting another officer in default. 22 Am. & Eng. Enc. (2nd Ed.), 1270; *Weimer v. Bunbury,* 30 Mich., 201; *Houghton v. Rees,* 34 Mich., 481.

The fact that a debtor could and ought to have paid is not proof or presumption in favor of one seeking to charge the

creditor. The party relying upon such payment, as a cause of action, must prove it. In nonsuiting the plaintiff there was

No Error.