LAKE WATERLOO CORPORATION, PLAINTIFF-APPELLANT,
 v. GERTRUDE KESTENBAUM AND JOHN KESTEN-
 BAUM, HUSBAND OF GERTRUDE KESTENBAUM, AND
 LOUIS J. JACOBSON, DEFENDANTS-RESPONDENTS.

Argued October 27, 1952—Decided November 17, 1952.

*Mr. Willis H. Sherred* argued the cause for the appellant (*Messrs. Morris, Downing & Sherred,* attorneys).

*Mr. Emil Klein* argued the cause for the respondents (*Messrs. Klein & Klein,* attorneys).

The opinion of the court was delivered by

OLIPHANT, J. This is an appeal from a judgment of the Superior Court, Chancery Division, in the foreclosure of a tax sale certificate in which it was held that the defendant-respondent as mortgagee of the lands on which the appellant held a tax sale certificate might redeem the said lands in the foreclosure proceedings.

The appellant appealed to the Appellate Division and the cause was certified here on our motion.

The facts are not in dispute. The appellant by assignment is the owner of a tax sale certificate issued by the Township of Jefferson, Morris County, New Jersey, pursuant to a sale for unpaid municipal liens for the years 1946 and 1947. The defendant, Gertrude Kestenbaum was the record

owner of the premises. On May 24, 1928, she mortgaged the premises to D. C. Smith Realty Corporation to secure the sum of $25,000 with interest at 6%. The D. C. Smith Realty Corporation assigned said mortgage to the defendant-respondent, Louis J. Jacobson, by an assignment dated September 12, 1928.

On January 22, 1951, appellant instituted an action in the Superior Court, Chancery Division, to foreclose its tax sale certificate. The defendant-owners, Gertrude Kestenbaum and John Kestenbaum, were defaulted for their failure to appear and answer. The defendant-respondent, Jacobson, answered the complaint and tendered redemption of the amounts due on the appellant's certificate. By order the complaint was amended to allege, *inter alia,* that no consideration was given for the mortgage and if there was a valid consideration the debt has been paid and satisfied, or, the enforcement of the said mortgage as a lien on the lands and premises described in the complaint is barred by the statute of limitations.

It was stipulated that no payment had been made on the defendant-respondent's mortgage for a period of more than 20 years. The case was tried on the pleadings and the pre-trial order fixed the issues as follows:

"a. Whether the mortgage of the defendant Jacobson is enforceable; and if his mortgage is not enforceable, has he the right to redeem from the tax sale in question.
b. Whether plaintiff may resist redemption by the said defendant because of the alleged unenforceability of his mortgage.
c. If said defendant is entitled to redemption, what is the amount due to plaintiff."

The sole question raised by the appellant on this appeal is whether or not defendant is a mortgagee within the meaning of *R. S.* 54:5–54 which reads as follows:

"Right of redemption by owner or person having interest.

The owner, mortgagee, occupant or other person having an interest in land sold for municipal liens, may redeem it at any time within two years from the date of sale, or at any time thereafter until the

right to redeem has been cut off in the manner in this chapter set forth, by paying to the collector, or to the collector of delinquent taxes on lands of the municipality where the land is situate, for the use of the purchaser, his heirs or assigns, the amount required for redemption as hereinafter set forth."

 The appellant argues the word "mortgagee" in the statute must refer only to the holder of a valid and subsisting lien and that it cannot apply to a mortgagee of record who has in fact been paid but asserts his record interest in the lands in an attempt to redeem and succeed to the rights of the holder of a *bona fide* tax sale certificate. He relies on the presumption of payment which arises from *N. J. S. A.* 2A:14–6 which provides as follows:

"Every person having any right or title of entry into real estate shall make such entry within 20 years next after the accrual of such right or title of entry, or be barred therefrom thereafter."

To bar the right of entry under this section of the statute non-payment of any part of the mortgage debt within the statutory period is not alone conclusive of an adverse holding. It is persuasive, but not controlling, and may be repelled by proof that the possession of the mortgagor was permissive and not adverse. *Hughson v. Hughson,* 86 *N. J. Eq.* 199 (*E. & A.* 1916). In *Colton v. Depew,* 60 *N. J. Eq.* 454 (*E. & A.* 1900), it was pointed out that it would shock the sense of right which must be felt equally by legislatures and by judges, if a possession which was permissive and entirely consistent with the title of another, should silently bar the title under a provision of the statute of limitations. So the mere proof of non-payment standing of and by itself is not sufficient to bar the rights of the mortgagee. Further, the section does not extinguish the debt, it merely prevents a suit on the mortgage. *Wilson v. Stevens,* 105 *N. J. Eq.* 377, at *p.* 384 (*Ch. Div.* 1929).

 It has been held that the presumption of payment arising from the lapse of time can be used only as a shield, and not as a basis for affirmative relief. 40 *Am. Jur.* 877,

*sec.* 246; *Hollings v. Hollings,* 8 *N. J. Super.* 552 (*Ch. Div.* 1950), affirmed 12 *N. J. Super.* 57 (*App. Div.* 1951); *Cunningham v. Davidoff,* 187 *Md.* 134, 46 *A.* 2*d* 633, 164 *A. L. R.* 1383 (*Ct. App.* 1946). This doctrine is based upon the equitable maxim that he who seeks equity must do equity and that as between the parties to the mortgage equity considers that a moral obligation to pay a just debt survives the limitation period. *Hollings v. Hollings, supra.*

█ The rule has been stated in another form, that only the alleged debtor can take advantage of the presumption of payment arising from lapse of time and it cannot be invoked by third persons whose rights or liabilities might be affected by the fact of payment or nonpayment by the debtor. 48 *C. J.,* § 201, *p.* 692, 70 *C. J. S., Payment,* § 101; *New York Life Insurance & Trust Co. v. Covert,* 29 *Barb.* 435, reversed on other grounds, 3 *Abb. App. Dec.* 350 (1859); *Outlaw v. Garner,* 139 *N. C.* 190, 51 *S. E.* 925 (*Sup. Ct.* 1905); *Glezen v. Haskins,* 23 *R. I.* 601, 51 *A.* 219 (*Sup. Ct.* 1902). And it has likewise been held that a presumption of payment arising from the production by the mortgagor of the bond and mortgage is only available to those claiming title under him or in privity with him. 2 *Jones on Mortgages* (8*th* ed.), *sec.* 1167.

█ Statutes permitting redemption are to be liberally construed. *Ruddy v. Woodbridge,* 47 *N. J. L.* 142 (*E. & A.* 1885); *Van Roden v. Manso,* 109 *N. J. Eq.* 148 (*Ch. Div.* 1931), affirmed 115 *N. J. Eq.* 69 (*E. & A.* 1934).

█ The statute says "mortgagee" and it is apparent that this must contemplate a valid mortgage, but it does not require that it be enforceable. A mortgagee has an interest in the property because his debt is still subsisting even though a presumption of payment after 20 years might defeat any action to enforce the obligation.

Therefore we conclude that the mortgagee-respondent here had the right to redeem and that the appellant-tax sale certificate holder by merely establishing nonpayment has not met the test of the statute, and finally he, not holding

under either of the parties to the mortgage, is not in a position to have the advantage of presumption of payment run in his favor.

The judgment is affirmed.

*For affirmance*—Chief Justice VANDERBILT, and Justices OLIPHANT, WACHENFELD, BURLING, JACOBS and BRENNAN —6.

*For reversal*—None.