69   445
38a   39
69   445
50a   375
69   445
64a   126
64a   660

# ANDREW J. VARNER

*v.*

# MARGARET VARNER.

1. PLEADING—*replication to plea of Statute of Limitations.* Where the plaintiff declares upon the original cause of action, and the Statute of Limitations is pleaded, replications denying the plea generally, and also setting up a new promise, are proper.

2. NEW TRIAL—*as to finding from the evidence.* Where the testimony is conflicting, this court will not interfere with the finding of the jury merely because it would be better satisfied if the verdict had been for the other party, as it is the peculiar province of the jury to reconcile such evidence, and determine the credence to which the witnesses are entitled.

APPEAL from the Circuit Court of Knox county; the Hon. ARTHUR A. SMITH, Judge, presiding.

This was an action of assumpsit, by Margaret Varner against Andrew J. Varner, the declaration containing only the common counts. The defendant pleaded the general issue, and the Statute of Limitations—that the causes of action did not accrue within five years before the commencement of the suit. The plaintiff replied: (1.) That the said several causes of action in the several counts, etc., and each of them, did accrue to the plaintiff within five years before, etc. (2.) That the defendant did, within five years next before the commencement of this suit in this behalf, undertake and promise, in manner and form as she, the said plaintiff, has above thereof complained against him, to-wit: at, etc. (3.) That, heretofore, to-wit: within five years last next preceding the commencement of this suit, he, the said defendant, undertook and faithfully promised that he would pay to the plaintiff each and all of the several sums of money in said declaration mentioned, to-wit: at, etc.

Messrs. BENNETT, KRETZINGER & JOHNSON, for the appellant.

Mr. H. N. KEIGHTLEY, and Mr. F. S. MURPHY, for the appellee.

Mr. JUSTICE McALLISTER delivered the opinion of the Court:

This was *indebitatus assumpsit,* upon the common counts. Pleas: The general issue, and Statute of Limitations. To the latter plea, several replications were filed: First, denying the plea generally. Second, that defendant did, within five years next before the commencement of the suit, undertake and promise, in manner and form as the plaintiff had above thereof complained against him. Lastly, a new promise within five years. Issue was joined upon these replications,

and the cause tried by a jury, who found the issue in favor of plaintiff, and assessed her damages. The court, overruling defendant's motion for a new trial, gave judgment on the verdict, and defendant appealed to this court.

The plaintiff declared upon the original cause of action, and when the Statute of Limitations was pleaded, replied, denying the plea generally, and also setting up a new promise. This was correct practice. 1 Chit. Pl. (* p.) 583 ; *Keener v. Crull,* 19 Ill. 189.

We have examined the evidence in this case with care. If appellee's testimony, and that on her behalf, both as to the original cause of action and the new promise, were to be considered as unassailed by conflicting evidence, it was clearly sufficient to support the verdict. But when weighed in connection with testimony of the defendant himself and that of the witnesses on his behalf, there is, as it appears to us, upon paper, very great doubt whether the preponderance was really with the plaintiff, and we would have been rather better satisfied with a verdict in favor of defendant. Nevertheless, it is one of that class of cases where we will not interfere with the finding of the jury. It was their province to reconcile the conflicting evidence, and in the performance of that duty they had the opportunity of observing the manner and appearance of the witnesses while giving their testimony, and this, as all experience teaches us, is of the highest importance in determining the degree of credence to which a witness is entitled.

We perceive no material error in the record, and must affirm the judgment.

*Judgment affirmed.*

Mr. JUSTICE CRAIG took no part in the decision of this cause.