## Steude v. Fischer, Administratrix of the Estate of Edward Fischer, deceased.

1. INSTRUCTION—*Statute of Limitations.*—In an action of assumpsit for work done under a written contract, the defendant pleaded the statute of limitations and the plaintiff took issue thereon. On the trial there was no evidence of a new promise but the court instructed the jury that unless the action was commenced within ten years after the cause of action accrued, then the statute of limitation was a complete bar; but if they believed from the evidence that where there was once a legal obligation to pay, and it had become barred by the statute of limitation, the moral obligation to pay the debt was a sufficient consideration to support a subsequent promise to pay; and though they might find from the evidence as to any of the plaintiff's demands that the same were once due from the defendants, but that the cause of action accrued more than ten years prior to the commencement of the suit, yet if they further found from the evidence that the defendants have within the said period of ten years promised the plaintiff to pay such debt, then as to such demand the jury should find for the plaintiff. *It was held,* erroneous, as based upon no evidence in the case.

Memorandum.—Assumpsit upon a written contract. Pleas of the general issue and statute of limitations with general replication. Appeal from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in this court at the March term, A. D. 1893. Opinion filed May 11, 1893.

The opinion of the court states the case.

F. W. COOMBS, attorney for appellant.

S. A. FRENCH and OSCAR E. LEINEN, attorneys for appellee.

OPINION OF THE COURT, GARY, P. J.

September 3, 1890, Edward Fischer sued the appellant for work done under a contract in writing, made the 22d day of March, 1880, to be performed by the 29th day of May following.

Fischer died, and the appellee was, as his administratrix, substituted as plaintiff. The appellant pleaded the limitation of ten years, on which the appellee took issue.

There was neither replication nor evidence of a new promise, but the court gave for the appellee this instruction:

" The court instructs the jury that in cases like the one on trial, unless the action is commenced within ten years after the cause of action accrues, that the statute of limitation is a complete bar; but if the jury believe from the evidence that where there has once been a legal obligation to pay, and it has become barred by the statute of limitation, the moral obligation to pay the debt is a sufficient consideration to support a subsequent promise to pay; and in this case, though the jury may find from the evidence as to any of the plaintiff's demands that the same was once due from the defendants, but that the cause of action accrued more than ten years prior to the commencement of this suit, yet if the jury further find from the evidence that the said defendants have within the period of ten years promised the plaintiff to pay such debt, then as to such demand the jury should find for the plaintiff."

The appellant excepted. Whether evidence of a new promise may be admitted under a replication which simply denies the plea, may be left undecided. Varner v. Varner, 69 Ill. 445; 3 Ch. Pl. (Ed. 1844) 1160, note z.

In Keener v. Crull, 19 Ill. 189, it seems to be assumed that the replication should be special. So in 13 Am. & Eng. Ency. Law, 772; but see Watkins v. Stevens, 4 Barb. 168; Carshore v. Huyck, 6 Barb. 583. But that an instruction based upon no evidence is, if material, erroneous, is familiar law. Prescott v. Maxwell, 48 Ill. 82; Howe v. Layman, 83 Ill. 39. That the deceased, Fischer, ever had any cause of action, is not clear. The judgment is reversed and the cause remanded.