## Geo. W. Hotaling v. Henry Huntington.

1. LIMITATIONS—*Defense of, Must Be Pleaded.*—The rule is uniform that the defense of the statute of limitations must be pleaded by one who relies thereon.

2. SAME—*The Proper Practice.*—The proper practice in such cases is to declare upon the original obligation, and · if the statute is interposed as a defense, to set up such facts by replication.

3. COURTS—*Powers at Subsequent Terms.*—A court can not at a subsequent term, from its recollection, add to, or take from the record. There must be something to amend by.

4. STATUTE OF LIMITATIONS—*What Act Applies.*—Upon a contract made prior to the revision of 1872, the proper plea of the statute of limitations is that in force prior to the revision, being that the cause of action did not accrue within sixteen years.

Assumpsit, on a promissory note. Appeal from the Circuit Court of Cook County; the Hon. EDMUND W. BURKE, Judge, presiding. Heard in this court at the March term, 1896. Affirmed. Opinion filed April 27, 1896.

MASTERSON & HAFT, attorneys for appellant, contended that this action is controlled by the statute of limitations of 1849.

Section 24 of chapter 83 of the R. S. of 1872, is in part as follows: "But this section shall not be construed so as to affect any rights or liabilities or any causes of action that may have accrued before this act shall take effect."

The statute of limitations of 1872 is not applicable to contracts of prior date. Tilton v. Yont, 28 Ill. App. 580; McMillen v. McCormick, 117 Ill. 79; Means v. Harrison, 114 Ill. 248.

Consequently the law of 1849 applies.

Section 17, chapter 66, of the laws of 1849, is as follows: "All actions founded upon promissory notes, simple contract in writing, upon judgment, or other evidence of indebtedness in writing, made, caused, or entered into after the passage of this act, shall be commenced within sixteen years after the cause of action accrued, and not thereafter."

The note in question matured on the 22d day of November, 1867, and under the statute applicable thereto, it was absolutely necessary in order to maintain an action on the note, that such action be commenced on or before the 22d day of November, A. D. 1883, while, as a matter of fact, it was not commenced until the 7th day of December, A. D. 1894, or eleven years after a cause of action on the note had ceased to exist. Keeler v. Crull, 19 Ill. 189.

Justice Breese said: "My judgment leads me to this conclusion: that our statutes of limitations—R. S. 1845, Ch. 66; February 10, 1849, 132; of November 5, 1849, 37, and of February 17, 1851, 182—not only affirmatively declare within what time the actions specified shall be commenced, but inhibit bringing them after that time; and this intention is manifested by the words used, 'not after,' and 'not thereafter;' and that by no judicial jugglery or craft, can, in any case, be taken out of their operation—neither by an express promise nor an implied one—that their provisions relate to the bringing the action, and not to the defense; that they are not required to be pleaded by a defendant, but the *onus* rests on the plaintiff to bring himself and his action within them."

In Hill v. Henry, 17 Ohio 1, and White v. Beaumon, 85 N. Carolina 3, it was held, that in order to maintain an

action by reason of an indorsement of payment on a note, the indorsement must have been made before the note was barred. Then apply this rule, and admitting for the sake of argument only, that the payment of $530 on the 29th day of August, 1867, took the note out of the statute, and that the payment of $400 on the 15th day of February, 1869, again took it out of the statute of 1849, giving it a new lease of life for sixteen years, then the note was again barred on the 15th day of February, 1885, and consequently the payment of $20, as sworn to by the plaintiff, on the 11th day of March, A. D. 1885, and the indorsement thereof on the note, after the note had been barred by the statute, under the authorities just above cited, would not remove the bar.

The statute of 1849, unlike the statute of 1872, now in force, provides no method of taking the case out of the statute, and we ask your honors to hold, as did the able and learned Justice Breese, that under the statute of 1849, the legislature meant precisely what it said, and that an action on a promissory note is barred within sixteen years, and barred absolutely, without any savings, exceptions, ifs or ands.

Where a statute of limitations begins to run it will continue to run until it operates as a complete bar, unless there is some saving or qualification in the statute itself. Board, etc., v. Gordon, 82 Ill. 435; People v. White, 11 Ill. 341.

The statute of 1849 provides that an action on a promissory note shall be brought within sixteen years, and not thereafter. That statute is mandatory and makes the commencement of an action within sixteen years after the maturity of the note a condition precedent to the maintaining of an action, and we submit can not be waived by the defendant herein, and that we are fully borne out in this contention by Burnside v. O'Hara, 35 Ill. App. 150, where the court says: "A waiver by an owner of that which the statute expressly makes a condition precedent to the attaching of a lien, can not be relied upon as a substitute for the performance of the condition in question."

In deciding this case a clear distinction must be made between a payment or promise, taking the case out of the operation of the statute, and a new promise or payment, which is a mere oral agreement to pay, made after the note has become barred, and having for its consideration a barred note, or merely a moral obligation to pay, and on that alone. We submit that there is no reasonable ground to contend, in the light of the authorities, that the payment of March 11, A. D. 1885, could in any manner, shape or form remove the bar that had already formed, when that alleged payment of March 11, A. D. 1885, is claimed to have been made. Van Keuren v. Parmlee, 2 N. Y. 523; Carr v. Robinson, 8 Bush. 269.

A promise to pay the principal but not the interest, will not support the recovery of interest. 2 Parsons' Bills and Notes, 656; Pool v. Relfe, 23 Ala. 701; Duffy v. Phillips, 31 Ala. 571; Pearson v. Darington, 32 Ala. 227; Graham v. Keyes, 29 Pa. St. 189.

MOSES, PAM & KENNEDY, attorneys for appellee.

This being an appeal from an order overruling a motion to vacate the judgment, and not an appeal from the judgment itself, this court can only review the correctness of the decision of the court in overruling such motion, and not the correctness of the judgment itself. Baits v. People, 26 App. 43; Wabash, etc., Ry. Co. v. People, 106 Ill. 652; Nat'l Ins. Co. v. Chamber of Commerce, 69 Ill. 22; Smith v. Brittenham, 88 Ill. 291; Radge v. Berner, 30 App. 182; Bressler v. Martin, 42 App. 356; Campbell v. Jacobson, 44 App. 238.

The question raised by appellant that the action was barred by the sixteen-year statute of limitations, is not open to review in this court, because only the ten-year statute of limitations was pleaded; and the decisions in Illinois are uniform, that before the statute of limitations can be availed of in any action at law, the same must be pleaded by the person relying thereon. Borders v. Murphy, 78 Ill. 81; Emory v. Keighan, 88 Ill. 482; Burnap v. Wight, 14 Ill. 303; Gebhart v. Adams, 23 Ill. 397; C. & A. R. R. v. Glenny, 28 App. 361; Cornwell v. Broom, Adm'x, 34 App. 392.

A party is not bound, in his declaration, to set out the facts which took the action on the note out of the bar of the statute. The proper practice in such cases is to declare upon the original obligation, and if the statute is interposed as a defense, to set up such facts by replication. 1 Chitty's Pleading, *583; Keener v. Crull, 19 Ill. 189; Varner v. Varner, 69 Ill. 445; Adams Express Co. v. King, 3 Brad. 316; Brockman v. Sieverling, 6 Brad. 512.

Appellant can not avail himself of the defense of the statute of limitations by motion in arrest of judgment, because the motion went to the entire declaration, which consisted of two counts, one on the note and the other the common counts. As to the latter the motion was clearly bad, and it being directed to the entire declaration, was too broad and was properly overruled. Shreffler v. Nadelhoffer, 133 Ill. 536; Gebbie v. Mooney, 22 Ill. App. 369; 121 Ill. 255.

Mr. Justice Waterman delivered the opinion of the Court.

This is an appeal from an order of court overruling appellant's motion, made July 8, 1895, the June term, to set aside and vacate a judgment rendered that day. The order appealed from was made September 30, 1895—the September term.

The declaration contains a count upon a promissory note, described as made May 22, 1867, payable six months after date; and also includes several of the common counts.

The defendant pleaded the general issue and that the cause of action did not accrue within ten years.

The plaintiff replied, alleging a payment of $20 March 11, 1895, and a written promise at that time by the defendant to pay the sum still remaining due.

The defendant rejoined that the action did not accrue within ten years, etc., and denied the payment of the $20 set forth in plaintiff's replication, and denied the promise to pay.

Issue was joined, and the trial had. A verdict and judgment was rendered for the plaintiff.

Appellant contends that there was no necessity for plead-

ing the statute of limitations; that the declaration upon the note, showing that it became due in 1867, and that suit was brought thereon in 1894, disclosed no cause of action.

The rule is uniform that the defense of the statute of limitations must be pleaded by one who relies thereon. Borders v. Murphy, 78 Ill. 81; Emory v. Keighan, 88 Ill. 482; Burnap v. Wight, 14 Ill. 303; Gebhart v. Adams, 23 Ill. 397; C. & A. R. R. v. Glenney, 28 App. 364; Cornwell v. Broom, Adm'x, 34 App. 392.

Appellee was not bound, in his declaration, to set out the facts which took the action on the note out of the bar of the statute. The proper practice in such cases is to declare upon the original obligation, and if the statute is interposed as a defense, to set up such facts by replication. 1 Chitty's Pleading, 583; Keener v. Crull, 19 Ill. 189; Varner v. Varner, 69 Ill. 445; Adams Express Co. v. King, 3 Brad. 316; Brockman v. Sieverling, 6 Brad. 512.

Judgment in this case having been rendered at the June term, 1895, and no time having then been given within which to present a bill of exceptions, the court could not, at the October term, 1895, from its recollection, add to or take from the record made three terms previous. There is nothing showing that the court had before it any written memoranda from which it, at the October term, could by signing a bill of exceptions, add to the record of this cause. There is therefore in the record nothing to show upon what evidence the judgment was rendered. The common counts are sufficient to sustain the judgment.

The proper plea of the statute of limitations would have been that in force prior to the revision of 1872, being that the cause of action did not accrue within sixteen years.

The refusal of the Circuit Court to set aside the judgment is affirmed.