79   661
181s 132

# William M. Gunton v. Thomas Hughes, James M. Attley and Winfield S. Fox.

1. PLEADING—*The Statute of Limitations.*—Where the statute of limitations is pleaded as a defense the plaintiff may set out the facts upon which he relies to take the action out of the bar of the statute by a replication. It is not necessary to amend the declaration in order to do so.

2. STATUTE OF LIMITATIONS—*A Defense of Confession and Avoidance.*—The statute of limitations is a defense by way of confession and

avoidance and must be specially pleaded by the party who relies upon it.

3. SAME—*Fraudulent Concealment of the Cause of Action.*—Where the declaration states the cause of action, the fact of delay in bringing suit beyond the statutory limitation, and alleges fraudulent concealment under Chap. 83, Sec. 22, R. S., to remove such bar, the sufficiency of the declaration can be tested by demurrer.

4. SAME—*Fraudulent Concealment—Insufficient Statement of Facts.* —The facts set up in the declaration in this case do not constitute a fraudulent concealment within the meaning of Sec. 22, Chap. 83, R. S., providing that where a person, liable to an action, fraudulently conceals it from the knowledge of the person entitled, such action may be commenced any time within five years after discovery.

5. LIBEL—*Words Not Actionable.*—Where the defendant, being asked his opinion as to whether a statement made by the plaintiff of his financial standing " could be relied upon as being as nearly correct as he could get it," replied that " if a statement he has made is a sample of what he is making to you, then there is no reliance to be placed in them, in fact that is his greatest trouble," *held,* that the words were not actionable.

6. SAME—*Construction of Language—Innuendoes.*—Where a person was asked for his opinion as to whether a statement made by another of his financial standing could be relied on as being as nearly correct as he could get it, replied that " if a statement he has made is a sample of what he is making to you there is no reliance to be placed in them," *held,* that the language is not susceptible of construction by innuendo so as to charge the plaintiff with having made a false statement with regard to his financial condition.

**Action on the Case**, for a libel. Trial in the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge, presiding. Judgment for defendants on demurrer to declaration. Appeal by plaintiff. Heard in the Branch Appellate Court at the March term, 1898. Affirmed. Opinion filed January 24, 1899.

This is an action for libel against appellees. To the original declaration the defendants pleaded the general issue, statute of limitations and denial of joint liability. The plaintiff thereupon took leave to amend, and to the amended declaration defendants filed general and special demurrers. Afterward plaintiff took leave and filed a second amended declaration, to which the Circuit Court sustained a demurrer, and plaintiff appeals.

The alleged libel is embodied in certain letters said to have been written by appellees. The first was in reply to

a request for appellees' " opinion in regard to any statement as to financial standing" made by appellant. In that reply appellees said : " On account of our former connections with the party named we are sorry you ask us such a leading question concerning him. But if a statement he has made is a sample of what he is making to you, then there is no reliance to be placed in them. In fact that is his greatest trouble. Trust this is confidential."

Appellees' correspondent then wrote, stating that appellant had made a statement as to what he was worth, and said : " We hardly supposed he would make a written statement of this kind and buy lumber under it, unless it was approximately correct. If you let us know by return mail whether you consider him worth this amount or anything like it we shall be glad to have you do so, and we will consider it a special favor and for our own use only."

To this appellees replied : " We will say we consider the statement radically wrong, as we do not consider him worth any such amount, yet we do not care to go into details." Appellees' letters were signed by the firm name, and were written more than two years before the suit was commenced.

C. Van Alen Smith, attorney for appellant; James A. Fullenwider, of counsel.

Levi Sprague, attorney for appellees.

Mr. Presiding Justice Freeman delivered the opinion of the court.

The second amended declaration to which the demurrer was sustained, alleges that " said defendants did willfully, maliciously and fraudulently and with intent to injure the plaintiff, conceal from the plaintiff the fact that they had written and sent the aforesaid letters;" that defendants so concealed such fact "for more than one year, to wit, fifteen months," and that the statements were made " with the expectation of escaping liability for their said libelous acts

and doings by concealing the same from the plaintiff, until the plaintiff should be barred from having a cause of action, as they supposed, by the statute of limitations of this State in such cases made and provided." .

The defense of the statute of limitations must be pleaded by one who relies thereon, and it was so pleaded to appellant's original declaration. In this second amended declaration, the appellant was not bound to set out the facts upon which he relies to take the action out of the bar of the statute. If the statute had been again pleaded as a defense, it would have been time enough then to set up such facts in replication. Hotaling v. Huntington, 64 Ill. App. 655, 660, and cases there cited.

But appellant has chosen another method, and has set up, in his declaration, first, that the alleged cause of action did not come to his knowledge for more than a year after it accrued, and, second, that the appellees had fraudulently concealed "the fact that they had written and sent" the letters which contain the alleged cause of action, in the expectation of thereby escaping liability through the statute. This allegation of fraudulent concealment is apparently intended to take the action out of the bar of the statute of limitations under the following provision: "If a person liable to an action fraudulently conceals the cause of such action from the knowledge of the person entitled thereto, the action may be commenced at any time within five years after the person entitled to bring the same discovers that he has such cause of action, and not afterward." Rev. Stat, Chap. 83, Sec. 22.

Appellant having chosen to set up these alleged facts for the purpose of avoiding the bar of the statute, having stated the cause of action, the fact of delay beyond the limitation of the statute, and then alleged concealment in order to remove the bar, appellees were entitled to test the sufficiency of the declaration in this last respect by demurrer.

The reason why a statute of limitation is required to be specially pleaded, is that it is a defense by way of confession and avoidance. Emory v. Keighan, 88 Ill. 482, 486.

In this case, the effect of making the allegation of con-

cealment, in the declaration, in order to avoid the bar of the statute, is the same as if it had been made in a replication to a plea setting up the statute.  Such replication would set up a defense to the bar by way of confession that the statute of limitations had run, but avoid it by averring the concealment alleged to take the action out of the statute. When this is done in the declaration itself, what reason can there be for requiring the parties to go through the routine of plea, replication and demurrer, when the same question is presented and the same issue raised by demurrer to the declaration?

In Coryell v. Klehm, 157 Ill. 462, 471, it is said with reference to a bill in equity, that " while the general rule is that the defense of *laches* must be made by plea or answer, yet such rule does not apply when the bill already states the causes and excuses for delay."

In the case at bar, the statutory provision as to concealment is specially pleaded by one who relies thereon to maintain his action.  Its sufficiency can be tested by demurrer as well when it is so pleaded, as in this case, in the declaration, as if it had been set up by way of replication.

We regard the demurrer as having been properly sustained.    It is not, we think, by any means clear that actions of this character are intended to be included in the provisions of Sec. 22, Chap. 83, providing that where " a person liable to an action, fraudulently conceals the cause  *  *  * from the knowledge of the person entitled thereto," such action may be commenced any time within five years after discovery.   Be that as it may, the facts set up in this declaration do not constitute fraudulent concealment within the meaning of the statute.   As there used, these words clearly require that some actual fraud must be shown, committed for the purpose of concealment.   In this case it would be necessary to state facts showing actual fraud committed for the purpose of concealing the existence, contents and publication of the letters containing the alleged libel.   No such facts appear in the declaration.   It is not sufficient to merely charge fraud.   Facts must appear which, if proven,

would tend to substantiate the charge. Those stated do not, in our judgment, justify such a conclusion.

But are the contents of the letters actionable? It seems to be conceded by counsel for appellant, that "looking at the letters solely," they are not. But it is said, "they must be read in the light of the relation existing between the various parties." The letters were written in reply to requests for information, and in our judgment their contents do not justify the meaning sought to be put upon the language used. The defendants had been asked their opinion as to whether a statement by plaintiff as to his financial standing " could be relied on as being as nearly correct as he could get it." To this defendants replied that "if a statement he has made is a sample of what he is making to you, then there is no reliance to be placed in them. In fact that is his greatest trouble." The construction put upon this by the innuendo is, that the language quoted charges the plaintiff with having made a false statement of his wealth and financial standing, and that he was in the habit of making untruthful or false statements. A statement is not necessarily false, even if unreliable. The letter does clearly state that the writers regard statements of the plaintiff as to his financial condition as unreliable, but the declaration does not allege the words to be actionable on that ground. The other letter clearly expresses only the opinion of the writers, that plaintiff was not worth such an amount as they were told he claimed to be. In this they might have been honest, notwithstanding all the facts alleged as to the relation between the parties, and even if they were not truthful in this expression of opinion, the words are not actionable. The value of assets is a matter affording room for wide differences of opinion and no one should be liable to an action for libel because he does not agree in another's estimate of his own wealth, and ventures to express such view to one who asks his opinion.

It may be that defendants here were moved by unfriendly feelings or by self-interest antagonistic to a competitor.

But for the reasons indicated, we are of the opinion that the demurrer was properly sustained.

In view of what has been said, we do not deem it necessary to further extend this opinion by discussing other questions involved.

The judgment of the Circuit Court is affirmed.