## BOYD EMORY

*v.*

## DAVID KEIGHAN *et al.*

1. MORTGAGE—*is extinguished with the debt.* The existence of the debt, to secure which a mortgage is given, is essential to the life of the mortgage, and when the debt is paid, discharged, released, or barred by the Statute of Limitations, or by a judgment of a court, the mortgage is ·gone, and has effect no longer.

2. SAME—*ceases to be a lien when the debt is barred.* Where the debt secured by a mortgage is barred by the Statute of Limitations, the mortgage becomes of no effect; therefore, where no steps were taken to foreclose a mortgage, by sale under a power, for nearly eighteen years after the debt became due, and no act was done by the creditor or his assignee, or by the debtor or his grantee, asserting or recognizing the debt to be a subsisting demand, it was *held*, that a sale under the power passed no title to the purchaser.

3. EJECTMENT—*mortgage as an outstanding title.* A mortgage with which the defendant fails to connect himself, is no defense in an action of ejectment. As to strangers, the mortgagor is regarded as the owner of the property, and a mortgage made by a plaintiff in an action of ejectment does not show an outstanding title which will defeat the action.

4. LIMITATION—*when must be specially pleaded.* The general rule is, that the Statute of Limitations must be pleaded, and the reason of the rule is, that all defenses of confession and avoidance must be affirmatively pleaded; but the rule has no application where the cause of action alleged to be barred is not set·out in the declaration or former pleading. In ejectment, where the plaintiff relies upon a sale made under a mortgage after the debt was barred by the statute, the defendant may avail himself of the statute as against the title, under the general issue.

5. SAME—*arrested by bringing suit to foreclose.* The rights of any one holding under a mortgagor of real estate may be affected by the fact of foreclosure

proceedings, or the fact of payment of interest, or payment of part of the principal of the mortgage debt by the mortgagor after maturity, and before the Statute of Limitations has run, although he be a party to neither. The bringing of suit to foreclose will arrest the running of the statute, although the mortgagor or his grantee may not be made a party.

6. The grantee of a mortgagor is not a party to the payment of interest, and is not bound by any receipt given for such payment, but he is nevertheless affected thereby, in so far as regards his defense under the Statute of Limitations, and although no party to a judgment on the notes, and not bound thereby as to the amount found due, still his right to avail himself of the running of the Statute of Limitations is affected thereby.

7. SAME—*as to title under mortgage sale after sixteen years.* Where a sale is made of mortgaged premises, under a power in the mortgage, more than sixteen years after the maturity of the debt, the purchaser, in order to show title derived through the sale, in an action of ejectment, must prove a payment on the mortgage less than sixteen years before the sale by the mortgagee, or show a judgment on the debt in an action begun less than sixteen years after its maturity, or show some other fact preventing the bar of the statute.

8. SAME—*entry under mortgage barred by the statute.* Where possession is taken under a mortgage before the right of entry has expired by lapse of time, the party may defend under the mortgage in ejectment brought by the mortgagor after the mortgage debt is barred by the statute, but after the debt is barred the right of entry is gone, and an entry under a dead mortgage will not restore its vitality, and is wrongful.

APPEAL from the Circuit Court of Ford county; the Hon. OWEN T. REEVES, Judge, presiding.

This is ejectment, brought by Emory, March 20, 1877, against Keighan and others, claiming in fee the land in controversy. A plea of not guilty was interposed by defendants. On this issue the verdict was for the defendants. Plaintiff moved for a new trial, which was refused, and defendants had judgment, and plaintiff appeals. The evidence is all preserved in a bill of exceptions.

On trial, plaintiff showed title in Harrison Tiner in July, 1856, and to show title in himself gave in evidence, also, a deed of trust, dated July 27, 1858, and recorded August 12, 1858, conveying the property to Bartlett, to secure to McCullough the payment of a promissory note of Tiner to McCullough, for the sum of $430, payable in six months from that date.

This deed contained the usual covenants of title and freedom from incumbrance, and the usual power of sale. Also a deed, dated August 5, 1861, and filed for record August 9, 1861, made by Bartlett to the plaintiff. This deed recites default in payment of the note, and a sale with notice, in conformity to the conditions of the power in the deed of trust.

Defendants gave in evidence a mortgage by Tiner to A. W. Mack, made December, 1856, and filed for record May 17, 1858, but gave no evidence connecting themselves with this mortgage. Defendants also gave in evidence a note, dated December 10, 1856, made by Tiner to Truesdale, for $580, payable one year from date. Also a mortgage on the premises in controversy, made by Tiner to Truesdale, with usual power of sale, given to secure that note. This mortgage was dated February 12, 1857, and was filed for record May 11, 1857.

Plaintiff objected to the introduction of this mortgage, insisting that on the face of the papers the note and mortgage were both barred by the Statute of Limitations, and presumed to be paid, but the court overruled the objection and plaintiff excepted.

Defendants also gave in evidence a mortgagee's deed (made by Joseph W. Cochrane, as assignee of Truesdale,) to the defendant Keighan, dated December 10, 1875, and filed for record December 28, 1875. This deed recites a sale made, under the mortgage of the premises, by Cochrane, as assignee, with notice thereof published on the 11th day of November, 1875. This deed recites the assignment of the note and mortgage to Cochrane by Truesdale. To the introduction of this deed plaintiff objected, on the ground that before the proceedings of the sale the note and mortgage were barred, and hence Keighan took nothing by his deed. The objection was overruled, and plaintiff excepted. Plaintiff then proved, that on July 27, 1858, Tiner paid the Mack mortgage debt in full, and Mack released the same under seal, and the release was duly recorded August 12, 1858.

Mr. CHAS. H. WOOD, and Mr. C. H. FREW, for the appellant.

Mr. J. W. COCHRAN, and Mr. A. SAMPLE, for the appellees.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

In the case of *Pollock et al.* v. *Maison et al.* 41 Ill. 517, decided twelve years ago, the nature, character and effect of a mortgage in this State was considered and determined. It was there held by this court, that the existence of the debt, for the securing of which a mortgage is given, is essential to the life of the mortgage, and that when the debt is paid, discharged, released, or barred by the Statute of Limitations, or by a judgment of a court, the mortgage is gone, and has effect no longer.

In this case plaintiff's proof made a good *prima facie* case for him. The defense offered was, first, the prior mortgage to Mack. This, on its face, was no defense. Defendant in no way connected himself with the mortgage. As to strangers, the mortgagor is still, by our laws, regarded as the owner of the property, and a mortgage made by the plaintiff in an action of ejectment does not show an outstanding title which will defeat the action. (*Hall* v. *Lance*, 25 Ill. 277.) Even if this were not the law, the proof shows that this mortgage debt was fully paid, and that the mortgage was released.

The second ground of defense was the mortgage to Truesdale, under whom Keighan holds possession. The debt secured by the Truesdale mortgage became due on December 10, 1857. The first act done, so far as the proofs show, in assertion of any right under this mortgage, or for the purpose of enforcing payment of this debt, was the publication of notice of the proposed sale. This was on November 11, 1875, nearly eighteen years after the debt became due. For more than sixteen years after condition broken, (if, indeed, the condition were broken at all,) it seems no act was done by the creditor or his assignee, or by the debtor or his grantee, asserting or

recognizing this debt to be a subsisting demand. If this be true (and so it must be taken on the proofs in this case), the collection of the debt was barred by the Statute of Limitations, and the mortgage became of no effect. (*Pollock* v. *Maison*, 41 Ill. 517.)

In England, it is held that the right of entry under a mortgage may be tolled by the lapse of time ; and so is the law in Illinois. In England, the time required for that purpose was the time prescribed by the law limiting the time of entry by the holder of the absolute title. In Illinois, the time required to toll the right of entry under a mortgage, is that prescribed by the Statute of Limitations relating to actions for the collection of the debt secured by the mortgage. (*Pollock* v. *Maison, supra.*

In England, actions upon bonds were limited to twenty years. In 6 Modern, case 23, it is said : "On a plea of *solvit ad diem,* where the bond is of twenty years standing and no demand proved thereon, it shall be taken to have been paid at maturity." In Illinois, actions on promissory notes are limited to sixteen years. Under the rule in 6 Modern, *supra,* and the proofs in this case, the debt secured by the Truesdale mortgage must be taken to have been paid at maturity. In such case there never was any right of entry in the mortgagee or in his assignee. In such case, the condition of the mortgage was never broken. By the very words of the mortgage, in such case, it then became void, and has so continued.

But it is insisted that the Statute of Limitations can not avail unless it be pleaded. The general rule is, that the statute must be pleaded, and the reason of the rule is, that all defenses of confession and avoidance must be affirmatively pleaded. In their very nature they can not be aptly proved under a plea which simply denies the allegations of the pleading answered. This rule has no application where the cause of action alleged to be barred is not set out in the declaration or former pleading. If a declaration be upon the covenants in a deed and their breach, under pleas denying the making

of the covenants or denying the breach thereof, it would not be pertinent to the issue to prove that the breach was barred by the statute. This, being a defense by way of confession and avoidance, would necessarily have to be specially pleaded. (*Owen* v. *De Beauvoir*, 5 Exch. 166.)

In this case, Emory, by his declaration, alleges he is seized in fee of this land. The defendant, by the plea of not guilty, puts in issue that allegation, and plaintiff gives proof of title. Keighan, to disprove that allegation, produces his mortgage as a former grant from Tiner, which he claims defeats Emory's title. Emory objects that this mortgage does not produce this effect, because it became and is void by virtue of the Statute of Limitations. It is plain, from the reason of the rule as to pleading the statute, that the rule can have no application to this case. This question was necessarily involved in *Pollock* v. *Maison*, *supra*, although the matter is not discussed. Maison, in that case, as plaintiff, relied upon a mortgage. There was no special plea of the Statute of Limitations, and yet this court, under the plea of not guilty, in that case held, that unless entry was made under the mortgage before the lapse of sixteen years, the plaintiff could not recover without proving some fact avoiding the effect of the statute.

In this case, on the face of the papers, the debt seems to have been barred by the lapse of time, and no proof is offered tending to show that the debt had been kept alive, either by a later promise, or part payment at a later day, or by action upon the note begun before the lapse of sixteen years still pending or carried to judgment, or by a sale under the power in the mortgage made before the debt was barred, or by foreclosure proceedings instituted before the bar of the statute occurred and still pending or carried to judgment.

It is suggested that the foreclosure sale in this case placed the defendant in a position as favorable as if he had been a purchaser under foreclosure proceedings to which Keighan had not been made a party, and that in such case Emory could not recover without redemption; and for support of this sug-

gestion, reference is made to *Cutter* v. *Jones*, 52 Ill. 85. The supposed analogy fails in one very important particular. In *Cutter* v. *Jones* the foreclosure proceedings were begun before the sixteen years had run, and were afterwards prosecuted to judgment, so that the debt was never barred. In this case, the first step of foreclosure by sale under the mortgage was not taken until more than seventeen years had run.

The point made in that case was, that plaintiff, who was grantee of the mortgagor, was not made a party to the bill for foreclosure, and that his rights were not affected thereby. This position was condemned by this court, upon the ground that the foreclosure proceedings, begun before the lapse of sixteen years, had arrested the running of the statute; and the cases of *Jackson* v. *Hudson*, *Jackson* v. *Pratt*, and *Collins* v. *Tony*, decided in New York, were held to have no application to that case, because, in those cases, there had been no entry under the mortgage, and no foreclosure proceedings begun before the mortgage became extinguished.

The appellant in that case assumed that, because he was not a party to the foreclosure proceedings, he could not be affected in any manner thereby. It was true that he was not bound by any judgment or decree, as an adjudication in a case where he was not a party; yet his ability to insist upon the lapse of sixteen years as a bar was affected thereby. His right to avail himself of the statute depended upon the absence of all legal proceedings begun within that time for the collection of the debt, and afterwards prosecuted to judgment. As a means of avoiding the bar of the statute it was not necessary that the heir or grantee of the mortgagor should have been a party to any of these things.

It is plain that the rights of any one holding under the mortgagor may be affected by the fact of foreclosure proceedings, or the fact of payment of interest, or payment of part of the principal of the mortgage debt, by the mortgagor, after maturity, and before the Statute of Limitations has run, although he be a party to neither. So, an action at law for the recovery

of a judgment upon the mortgage note, brought before the bar of the statute upon the note, arrests the running of the statute, and if prosecuted to judgment, even after the lapse of the sixteen years, merges the note in the judgment, changes the form of the debt and extends the time in which proceedings may be taken to compel payment of the debt, until the time for barring actions on the judgment, under the statute, shall have elapsed.

The grantee of the mortgagor is not a party to the payment of interest, and is not bound by any receipt given for such payment. He is, nevertheless, affected thereby, in so far as regards his defense under the Statute of Limitations. He is not a party to the judgment on the note—is not bound thereby as to the amount found due; still, his right to avail himself of the running of the Statute of Limitations is affected thereby. The reason plainly is, it is not the adjudication as such that arrests the statute, but it is the fact that the party holding the debt, or the party owing the debt, has done some act by which the running of the statute has been arrested, and by reason of which the statute has not affected the debt.

In this case, had the defendant proved, on the trial, a payment upon the debt, less than sixteen years before the sale under the mortgage, this would have shown vitality in the mortgage at the time of the sale, and, if the sale be otherwise valid, would have shown paramount title in the purchaser at the sale; or had the defendant shown a judgment at law for the recovery of the mortgage debt, in an action begun less than sixteen years after the maturity of the mortgage debt, this would have shown vitality in the mortgage at the time of the sale made to defendant under the power in the mortgage. Proof of any fact showing that the Statute of Limitations had not run against the mortgage debt, defendant might avail himself of. In the absence of some such proof, the mortgage must be regarded as dead, and of no effect.

It is said, however, that if the sale under the mortgage be inoperative, the defendant was in possession under the mort-

gage, and hence could defend his possession; and to support this position, reference is made to *Kilgour* v. *Gockley,* 83 Ill. 109. The difficulty in sustaining that position is, there is nothing in the proofs to show that the entry under the mortgage in the case at bar was made before the right of entry had expired by the lapse of time. The first possession of the premises shown in defendant is at the time of the commencement of this action. At that time, under the proofs, the right of entry was gone, and the entry was unlawful, and can not avail. If he entered under the mortgage at that time, he entered under a dead mortgage, and his entry could not give it vitality.

The motion for a new trial ought to have been sustained. The judgment must be reversed, and the cause remanded for a new trial.

*Judgment reversed.*