FREDERICK W. KRAFT *et al.*

*v.*

FREDERICK HOLZMANN.

*Opinion filed December 16, 1903—Rehearing denied February 4, 1904.*

1. LIMITATIONS—*the right to foreclose not barred until debt is barred.* Section 11 of the Limitation act, requiring mortgage or trust deed to be foreclosed within ten years from the time the right of action accrues, must be construed with section 16, applicable to promissory notes, and foreclosure is not barred until the debt is barred.

2. SAME—*extension agreement need not be recorded in order to toll the statute.* A written agreement extending the time of payment of a note secured by a recorded trust deed extends the period of limitation fixed by the statute for foreclosing, notwithstanding the extension agreement is not recorded.

3. MORTGAGES—*failure to record extension agreement does not enhance rights of lienholders.* Failure to record a written agreement extending time of payment of a note secured by a recorded trust deed does not enhance rights of holders of liens acquired subsequently to the recording of the trust deed, since the extension of the note keeps the trust deed alive without a separate extension.

4. ESTOPPEL—*when the question of estoppel cannot be determined.* Whether foreclosure of a trust deed was barred by estoppel by reason of complainant's failure to assert his prior lien in a former suit to foreclose a junior mortgage cannot be determined by the Supreme Court, where the allegations of the bill in such former suit, which it is claimed were taken as confessed by complainant as "unknown owner," are not shown in the record in any way.

5. APPEALS AND ERRORS—*objection to allowance of master's fees must be made below.* Alleged error in allowing certain items of master's fees cannot be considered on appeal, where the question was not raised in the trial court.

APPEAL from the Appellate Court for the First District;—heard in that court on writ of error to the Circuit Court of Cook county; the Hon. ELBRIDGE HANECY, Judge, presiding.

F. WILLIAM KRAFT, for appellants.

LACKNER, BUTZ & MILLER, for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

This is an appeal from a judgment of the Appellate Court affirming a decree of the circuit court of Cook county foreclosing a deed of trust as a mortgage, given May 15, 1884, by William F. and Mary D. Nennemann to Philip Stein, as trustee, to secure their note of the same date for $2000, payable four years after its date to their own order, with interest at seven per cent. The note was endorsed by the makers, and, with the deed of trust, delivered to Stein. No question is made as to the consideration. On May 15, 1893, by their writing on the back of the note, signed by them, the makers extended the time of payment five years from that date,—that is, to May 15, 1898. At the same time appellee, Frederick Holzmann, purchased the note of Stein, and the makers made and delivered to said Holzmann their agreement in writing, in addition to the one endorsed on the note, extending the time of payment for five years, and also made nine interest notes for $10 each, payable to their own order, one every six months, which they also endorsed, all of which said principal note and interest notes and said extension agreement were delivered to the appellee. The deed of trust had been duly recorded September 4, 1884, but the extension agreement was not recorded.

The first contention of the appellants is, that when the bill was filed to foreclose the deed of trust the suit was barred by the eleventh section of the act in regard to limitations, which section is as follows: "No person shall commence an action or make a sale to foreclose any mortgage or deed of trust in the nature of a mortgage, unless within ten years after the right of action or right to make such sale accrues." (Hurd's Stat. 1901, p. 1163.)

We have repeatedly held in such cases, that the debt is the principal thing and the mortgage or trust deed but an incident thereto; that section 11 of the Limitation act must be construed in connection with section 16, applica-

ble to promissory notes, and that the mortgage will not be barred until the debt is barred. (*Emory* v. *Keighan*, 88 Ill. 482; *Schifferstein* v. *Allison*, 123 id. 662; *Hibernian Banking Ass.* v. *Commercial Nat. Bank*, 157 id. 524; *Ætna Life Ins. Co.* v. *McNeely*, 166 id. 540; *Richey* v. *Sinclair*, 167 id. 184; *Wellman* v. *Miner*, 179 id. 326; *Murray* v. *Emery*, 187 id. 408.) In the *Schifferstein case* it was held that where payment was made upon the note, the statute would not run against the mortgage securing the note until the lapse of ten years after such payment. In like manner, where the time of payment is extended, as it was in the case at bar, the statute will not run against the mortgage until it runs against the note. We see no ground upon which to base any distinction between this case and many others which we have decided, so far as the question here involved is concerned. Counsel for appellants has referred us to decisions in other States which take a different view of statutes somewhat similar to our own, but we are satisfied with the construction we have given to our statute and are not disposed to depart from it. The extension of the time of payment of the note extended the time within which the deed of trust could be foreclosed. To have that effect it was not necessary to record the extension agreement. The deed of trust was of record and not released, and persons dealing with the land were bound to take notice of it, and ascertain, at their peril, whether the indebtedness it secured had been paid or barred, or the lien created by the deed of trust had ceased to exist.

But appellants, who claim under liens subsequent to that created by appellee's deed of trust, contend further, that by section 30 of the act concerning conveyances the extension agreement must have been recorded before it would operate, as to subsequent lienholders or purchasers without notice, to extend the time within which the deed of trust could be foreclosed. The section referred to is as follows: "All deeds, mortgages and other instru-

ments of writing which are authorized to be recorded,
shall take effect and be in force from and after the time
of filing the same for record, and not before, as to all
creditors and subsequent purchasers without notice; and
all such deeds and title papers shall be adjudged void
as to all creditors and subsequent purchasers, without
notice, until the same shall be filed for record." (Hurd's
Stat. 1901, chap. 30, sec. 30, p. 427). The argument is,
that the extension agreement is one of the "other instru-
ments in writing" mentioned in the section, and that by
the express terms of the statute it was void as to appel-
lants or subsequent purchasers without notice.

The extension agreement, in addition to providing
for the extension of the time of payment of the indebt-
edness, provided that all the stipulations of the note
and deed of trust not inconsistent with the extension
agreement should remain in full force and be performed
by the makers of the note and deed of trust, and also
that the deed of trust might be foreclosed for non-pay-
ment. We are unable to perceive how the failure to re-
cord this agreement would affect the rights of appellants,
since its execution was unnecessary to keep the deed of
trust alive. The extension of the note accomplished that
result. Counsel's argument, based on the foregoing sec-
tion of the statute, is, that an extension of the note does
not operate to extend the mortgage, but that it is neces-
sary, in order to accomplish that purpose, that the mort-
gage, as a separate instrument, should be renewed by
some proper writing designed to have that effect. It is
not, of course, contended that an extension of the time of
payment of a promissory note must be recorded in the
recorder's office for any purpose. It was not necessary
that subsequent encumbrancers or purchasers should
have notice of any such extension. The recording of the
deed of trust gave all the notice necessary to be given.
The interest notes, executed when the extension was
made, were paid as they accrued, up to May, 1898, and

the bill to foreclose was filed in November, 1898. It is clear the Statute of Limitations had not at that time run.

Counsel also contends, in argument, that appellee was guilty of *laches,* but no facts to support that defense were set up in the answer nor do they appear in proof. The only delay in bringing the bill to foreclose was from May to November, in 1898.

It is further contended that appellee is barred by estoppel in not asserting his prior lien in a certain suit to foreclose a junior mortgage, wherein it is said appellee was made a party, with others, by the name of "unknown owners," and duly notified by publication. We are unable to determine from the record what force there might be in this contention, as the documentary evidence on which it is based is not set out in the record. For instance, the bill of complaint in the former suit is not set out nor are its allegations shown in any way. It may be that said bill did not allege any right in the complainants therein superior to appellee's lien or claim under his deed of trust. What the allegations of the bill were which are said to have been taken as confessed by the appellee, as an "unknown owner," not appearing in the proofs or otherwise, this court cannot determine that appellee is estopped by the record in that case. 1 Greenleaf on Evidence, (7th ed.) 647, sec. 511; 24 Am. & Eng. Ency. of Law, (2d ed.) 834, 835.

It is also insisted that the chancellor erroneously allowed certain items of master's fees, but as this question was not raised in the trial court it cannot be raised on this appeal.

We find no substantial error in this record, and the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*