Frank Munyon and Verne T. Brassard, Appellants, v. Arthur Roy Wilson, Also Known as Arthur R. Wilson, et al., Appellees.

Gen. No. 9,948.

Heard in this court at
the February term, 1944. Opinion filed April 27, 1944.

E. P. HARNEY, of Momence, for appellants.

John H. Beckers and C. M. Granger, both of Kankakee, for certain appellees.

Vaughan, Tilley & Humphrey, of Chicago, *pro se;* Franklin E. Vaughan, of Chicago, of counsel.

Mr. Justice Wolfe delivered the opinion of the court.

This is an appeal by the plaintiffs from a decree of the circuit court of Kankakee county. The suit was brought by appellants for the purpose of removing certain alleged clouds on their title to the real estate described in the complaint.

From the record it appears that appellants claimed to be the owners of a tract of land located in Kankakee county, consisting of slightly more than 950 acres. In the complaint it was alleged that the plaintiffs acquired color of title by quitclaim deeds; that they immediately went into possession of said real estate, under the said deeds, and continued in possession thereof, and paid all the taxes thereon for a period of seven years. Upon these facts they alleged that they were the owners of limitation title to said real estate, based upon that deed, as color of title, followed by possession and the payment of taxes, for the period of seven years, under section 6 of the Limitations Act. Ill. Rev. Stat. 1943, ch. 83, par. 6 [Jones Ill. Stats. Ann. 107.264].

They further alleged in the complaint that at the time said deeds were issued, which is the origin of their title, there were certain outstanding trust deeds of record against said real estate. It was alleged that the limitation title acquired by them took precedence over the trust deeds and that their title was not subject to the liens of the trust deeds. Answers were filed by the trustees named in two of the trust deeds, and a separate answer by the holders of some of the notes, secured by one of the trust deeds. Issues were joined

upon the complaint, the answers and plaintiffs' replies to such answers.

Upon a hearing, the court, by its decree, canceled and removed all of the alleged clouds on the title of the plaintiffs, except a trust deed held by Chicago Title and Trust Company, as trustee, purporting to secure an indebtedness of $45,000, also a trust deed held by City Trust & Savings Bank, as trustee, purporting to secure an indebtedness of $150,000. The court held that the liens of these two trust deeds on the property were not affected by the title acquired by plaintiffs, and that such title was subject to the liens. From that decree appellants perfected an appeal to the Supreme Court. The Supreme Court held that the question whether the plaintiffs' title is subject to a lien of the trust deed, does not involve a freehold, and transferred the case to this court.

The evidence shows that after the plaintiffs procured their quitclaim deeds to the property in question in the spring of 1934, they entered into the possession of said land and have been in possession of the same to the date they filed their complaint in this case. During that time, which is a period of over seven successive years, they paid all the general and special taxes levied against said land, and it is their contention that their possession of the premises was adverse, actual, visible and continuous, and under a claim of color of title, and their title is paramount to the trust deeds in question, and that the same should be removed as a cloud upon their title. That the appellants were in actual possession of the property, does not seem to be disputed, but as to whether their possession and title was adverse to the appellees in the case, there is a serious dispute.

The elements necessary to render possession to premises a bar to the legal assertion of the title of the owner are set forth in the case of *Zirngibl v. Calumet & Chicago Canal & Dock Co.,* 157 Ill. 430, where the

court said: "The adverse possession which is required to constitute a bar to the assertion of a legal title by the owner of it must include these five elements: It must be (1) hostile or adverse, (2) actual, (3) visible, notorious and exclusive, (4) continuous, and (5) under a claim or color of title. (1 Am. & Eng. Ency. of Law, p. 228, and cases cited in notes.) In Wallace's note to *Nepeau v. Doe, etc.,* 2 Smith's Lead. Cases, part 2, 707, it is said that the possession must be an actual, continued, visible, notorious, distinct and hostile possession. Substantially the same doctrine has frequently been announced by this court. *McClellan v. Kellogg,* 17 Ill. 498; *Turney v. Chamberlin,* 15 id. 271; *Weaver v. Wilson,* 48 id. 125; *Ambrose v. Raley,* 58 id. 506; *Lancey v. Brock,* 110 id. 609.

"Adverse possession cannot be made out by inference or implication, for the presumptions are all in favor of the true owner, and the proof to establish it must be strict, clear, positive and unequivocal. *McClellan v. Kellogg, supra; Jackson v. Berner,* 48 Ill. 203; *Ambrose v. Raley, supra; Trustees of Schools v. Schroll,* 120 Ill. 509; authorities cited in note 2 to page 228, 1 Am. & Eng. Ency. of Law, *supra.*"

It is claimed by the appellants that payment of taxes by them for the years since they procured their quitclaim deeds, was notice to the appellees that they were in possession of the premises, and that the appellees were therefore charged with the knowledge that they were claiming to be the owners of the same. The cases cited by the appellants in support of their contention, no doubt, state the law applicable to such cases, but in this case there is a different set of circumstances existing. While the record in this case shows that the appellants furnished money, and did pay the taxes, the tax records show they were paid in the name of the former owner, namely, J. F. Wilson. The holders of the trust deed were under no obligation to pay the taxes, and if they had gone to the record to investigate

whether the taxes were paid, they would have seen that they had been paid, so far as the record was concerned by the proper party, J. F. Wilson, and they would have a right to rely upon that record as being correct. If the noteholders, or the trustees under the deeds, had examined the record and found that the taxes had been paid by some one else not connected with the record title, perhaps then it would be sufficient notice to them to make inquiries as to who was paying the taxes.

The opinion of the learned trial judge is incorporated in the record, and is in part as follows: "In the case now under consideration, at the time the alleged color of title was obtained by the plaintiffs, the mortgages or the trust deeds were of record, one for $150,000.00 and the other for $45,000.00. The $45,000.00 mortgage recited on its face that it was a purchase money mortgage. The consideration paid by the plaintiffs was $1,852.00 each. They were chargeable with notice of the lien of this indebtedness because of the record, and entered into the possession of the premises with these liens valid and subsisting. In fact, there is no contention as to the validity of these trust deeds. From all that appears in the record the first the owners of the indebtedness secured by these trust deeds knew of the claims of the plaintiffs was when this litigation started. The record is barren of any proof of the plaintiffs bringing home to the owners of the indebtedness the fact that the plaintiffs claimed to own the property covered by the trust deeds. The indebtedness is still valid and subsisting liens on the property covered by the mortgages or trust deeds, and there is no contention that the Statute of Limitations as to mortgages and indebtedness has run nor has it."

After reading the evidence, as abstracted in this case, we concur in what the trial court found to be the facts. In the absence of proof to show notice was brought home to the owners of indebtedness of the claim of the plaintiffs, it is our conclusion that the pos-

session of the plaintiffs was not adverse to the owners of the indebtedness involved herein.

The appellants have devoted some time in their argument to the legal effect of the tax deed of their grantor. No mention was made of this deed in the pleadings. It was introduced in evidence over the objections of the appellees and admitted for one purpose only, namely, to show good faith and hostile intent on the part of the plaintiffs. It cannot now be considered for any other purpose than that for which it was offered.

The appellants allege in their complaint that there was no consideration given whatever for the notes secured in the two trust deeds, and that they are not only worthless, but without value. The defendants, by their answer, deny this allegation, and allege that they were given for a valuable consideration. The plaintiffs offered no proof whatever to prove their claim. The trust deed of $50,000 recites on its face that it was given to secure a part of the purchase money of the major portion of the land in question, and the proof shows that the notes secured by the two trust deeds are given for a valuable consideration.

The appellants contend that the rights of the defendants are governed by section 6 of the Limitation Act [Jones Ill. Stats. Ann. 107.264]. The defendants claim that they are not bound by that section, but by sections 11 and 16 of that act [Jones Ill. Stats. Ann. 107.269 and 107.276], and those two sections should be considered together. The appellees are supported in their contention by the language used in the case of *Kraft v. Holzmann,* 206 Ill. 548, where it is said: (549) ''The first contention of the appellants is, that when the bill was filed to foreclose the deed of trust the suit was barred by the eleventh section of the act in regard to limitations, which section is as follows: 'No person shall commence an action or make a sale to foreclose any mortgage or deed of trust in the

nature of a mortgage, unless within ten years after the right of action or right to make such sale accrues.' (Hurd's Stat. 1901, p. 1163.)

''We have repeatedly held in such cases, that the debt is the principal thing and the mortgage or trust deed but an incident thereto; that section 11 of the Limitation Act must be construed in connection with section 16, applicable to promissory notes, and that the mortgage will not be barred until the debt is barred. (*Emory v. Keighan,* 88 Ill. 482; *Schifferstein v. Allison,* 123 id. 662; *Hibernian Banking Ass. v. Commercial Nat. Bank,* 157 id. 524; *Aetna Life Ins. Co. v. McNeely,* 166 id. 540; *Richey v. Sinclair,* 167 id. 184; *Wellman v. Miner,* 179 id. 326; *Murray v. Emery,* 187 id. 408.)''

We think that section 6 of the Limitation Act does not apply to the holders of the notes and the trust deeds in the present case. We find no reversible error in the case, and the decree of the circuit court is hereby affirmed.

*Decree affirmed.*