Augustine F. McCarthy, Appellant, v. Arthur Lowenthal et al., Appellees.

Gen. No. 43,451.

Heard in the third division of this court for the first district at the June term, 1945. Opinion filed November 7, 1945. Released for publication November 27, 1945.

EDWIN C. PATZLAFF, of Chicago, for appellant; PAUL W. SCHROEDER, of Chicago, of counsel.

P. J. CAHILL and B. A. CUMMINS, both of Chicago, for appellees.

MR. PRESIDING JUSTICE KILEY delivered the opinion of the court.

This is an action to foreclose a trust deed securing a note dated February 11, 1930 and due February 11, 1933. On defendants' motion the complaint was dismissed in the trial court on the ground that the action was barred by the Statute of Limitations. Plaintiff has appealed.

The question is whether the foreclosure action came within the 10 year limitation of Section 11 of the Limitations Act (Chap. 83, Ill. Rev. Stats. [Jones Ill. Stats.

Ann. 107.259 *et seq.*]) as defendants contend, or within the 20 year limitation of Section 11 (b) of the same Act. Section 11 bars foreclosure actions after 10 years from the dates they accrued. Section 11 (b) enacted in 1941 provides, among other things, a limitation on the lien of a trust deed, etc. to 20 years after the due date of the last payment, where that date appears on the face, or can be ascertained from the terms, of the instrument. The limitation in Section 11 (b) may be extended for intervals of 10 years by the recording of agreements extending payment of the debt or affidavits of the mortgagee, or on his behalf, showing the amount claimed to be unpaid on the mortgage indebtedness.

Section 11 has been in effect since 1872. Plaintiff contends that the 10 year limitation in Section 11 has been changed to 20 years by Section 11 (b). This is in effect saying that the latter section has repealed the former. There is no express repeal. Unless the two sections are clearly repugnant plaintiff's contentions must fail. *Klemme v. Drainage District No. 5,* 380 Ill. 221.

In *Kraft v. Holzmann,* 206 Ill. 548, decided in 1904, it was held that the extension of the indebtedness was sufficient to keep the lien of the trust deed alive without the execution of any agreement to accomplish that purpose and without recording the agreement extending the indebtedness, as it was not necessary that subsequent purchasers should have notice of the extension. The court in that case said at page 549:

"We have repeatedly held in such cases, that the debt is the principal thing and the mortgage or trust deed but an incident thereto; that section 11 of the Limitation Act must be construed in connection with section 16, applicable to promissory notes, and that the mortgage will not be barred until the debt is barred." (Cases cited.)

The legislature apparently sought to modify the rule in *Kraft v. Holzmann,* by enacting in 1935 Section 11 (a) of Chapter 83. That section provided, effective July 1, 1940, a 20 year limitation, on the lien of a trust deed, etc. after the due date of the indebtedness shown by its face or according to its terms, or according to the terms of any recorded extension agreement showing the unpaid indebtedness, etc. Under it extension agreements could extend the limitation for a further period or periods of 10 years. That section was expressly repealed in 1941 by the enactment of Section 11 (b).

Under the *Kraft v. Holzmann case,* the lien of the trust deed, etc., was kept alive as long as the indebtedness secured thereby was continued in force, without the necessity of any recording of the extension agreement. The purpose of Section 11 (b) is to set a limit beyond which unrecorded extensions do not have that effect. If a mortgagee sees fit to extend the date of payment of the indebtedness, he may do so without prejudice to his lien and without recording the extension agreement for 20 years after the due date of the mortgage by its terms or on its face was due. If he wishes to preserve his lien thereafter, however, he must see to it that the extension agreement or affidavit as provided in section 11 (b) is recorded.

We see no repugnancy between these sections and, accordingly, we hold that Section 11 (b) did not repeal Section 11. The action filed in this case came within the limitation of Section 11 and we believe the decree was proper. It is affirmed.

*Affirmed.*

Lewe and Burke, JJ., concur.