Seymour Fohrman, Appellee, v. Ida Mitchell Laird et al., Appellants.

Gen. No. 44,289.

394

Opinion filed June 14, 1949. Released for publication September 16, 1949.

JACOB M. SHERBAHN, of Chicago, for appellants; THOMAS J. McCORMICK, of Chicago, of counsel.

IRVING S. BERMAN and MILTON E. REINGOLD, both of Chicago, for appellee; ABRAHAM MILLER, of Chicago, of counsel.

MR. JUSTICE SCANLAN delivered the opinion of the court.

From a decree allowing plaintiff a strict foreclosure defendants appeal.

Plaintiff's verified complaint, *filed February 6, 1947*, alleges, in substance, that on June 7, 1930, Agnes L. Sage and Donald A. Sage, her husband, executed and delivered their principal promissory note for $7,000 ($6,000) due on or before five years after date, together with ten interest notes for $180 each, and that to secure the payment of said notes the Sages executed a trust deed on the property in question; that default was made in the payment of interest notes numbered 8, 9 and 10, and of the principal note, which became due by its terms on June 7, 1935; that in addition to the said amounts due plaintiff there was also due and un-

paid on the property general taxes for the years 1930 to 1945, which totaled $5,070.38; accrued interest and penalties thereon in excess of $4,614.05, and special assessments in the sum of $823.05; that the property was in a very bad state of repair, and its fair cash market value was $8,500. The complaint further alleges that Agnes L. Sage and Donald A. Sage, her husband, are deceased, and that their estates are insolvent; that a deficiency decree would be worthless against their estates; that Agnes L. Sage died on December 26, 1943, and that her estate has not been probated; that at the time of the execution of said notes and trust deed and until her death the title to the property herein involved was in her; that Donald A. Sage died on October 24, 1946, and that "an estate in the Probate Court of Cook County, Illinois, has been opened"; that the following persons are the heirs of Donald A. Sage, deceased: Ida Mitchell Laird, Helen Coleman Dawson, Annie White Sage, William Otis Sage and George Kenneth Sage, Jr. The complaint further alleges that plaintiff is willing to accept a conveyance of the premises herein involved, free and clear of all liens, in full satisfaction of his debt, and he prays for a strict foreclosure.

All of the heirs were named as defendants and each was personally served with a summons. None filed an appearance or answer and on April 25, 1947, all were defaulted and the cause was referred to a master to take testimony and report the same to the court. Pursuant to the reference evidence was taken before the master. On May 14, 1947, three of the heirs, Annie White Sage, William Otis Sage and George Kenneth Sage, Jr., filed a petition to set aside the default order as to them, and an order was entered that they "file their appearance instanter and answer and objections to the Master's Report within five days from the date hereof all without prejudice to the reference herein and the proceedings had or taken herein." On May 19,

1947, the said three defendants filed their verified answer to the complaint. *It contains no denial of any of the material allegations in the complaint, nor does it question the right of plaintiff to a strict foreclosure.* The sole defense interposed in the answer is the following:

"2.   These defendants now answering by such leave of Court contend that the action herein should be dismissed for want of equity in that the statute of the State of Illinois (Ill. Rev. Stat. 1943) Chapter 83 [Jones Ill. Stats. Ann. 107.269], entitled 'Limitations' provides as follows:

"'Section 11.   Mortgage—When foreclosed.] No person shall commence an action or make a sale to foreclose any mortgage or trust deed in the nature of a mortgage, unless within ten years after the right of action or right to make such sale accrues.'

"3.   Said defendants allege the fact to be that the debt secured by the trust deed herein sought to be foreclosed became due and payable by its terms on June 7, 1935; that more than ten years have elapsed since said debt became due and payable and the date of the bringing of the action herein; that nothing in either principal or interest has been paid on said indebtedness by these defendants or any of them nor by any one on their behalf; that no extension agreement nor affidavit as by law in such cases made and provided by the statutes of the State of Illinois has been executed and placed of record; that no promise by these defendants or any of them has been made whereby said indebtedness became due and payable at any later date than herein set forth; action on the debt being barred, action on the trust deed securing payment of same is also barred.

"4.   These defendants further answering deny that there is due the plaintiff the sum of $7,000.00 with interest and/or any other sum.

"Wherefore these defendants pray that the action herein may be dismissed and that they recover their costs herein most wrongfully sustained."

On May 23, 1947, a decree for strict foreclosure was entered in accordance with the findings and recommendations of the master. On June 19, 1947, the three defendants who filed the answer to the complaint filed an *unverified* petition (motion) to vacate the decree, and as grounds for the motion they alleged, in substance, that they filed their answer and pleaded the Statute of Limitations and that plaintiff did not reply thereto; that the master's report was premature and that the decree did not conform to the master's report; that the rights of defendants and their defense were never determined by due process of law; that plaintiff was not entitled to a strict foreclosure as the notes were barred by the Statute of Limitations; that the master's report was changed as to the date the principal note fell due; that counsel for plaintiff stated that he would notify the master to make the necessary changes and that defendants agreed to the suggestion provided the changes were made by the master in a supplemental report; that at no time subsequent to May 14, 1947, were defendants apprised of any further hearing or of any subsequent report, and that therefore they were not in a position to file objections to something that did not exist, nor did they have any notice of the existence of the report. On June 20, 1947, plaintiff filed his verified answer to the petition of said defendants. On June 23, 1947, the able and experienced chancellor who tried this cause, Judge Schwartz, after a hearing of the petition to vacate and the answer thereto, denied the motion of defendants to vacate the decree. *Defendants did not appeal from the order denying their motion to vacate the decree.*

There is before us but a single question, viz., Was the Statute of Limitations, pleaded by defendants, a

good defense to the foreclosure suit? Defendants state their theory of the case as follows: "The Statute of Limitations commenced to run June 11, 1934. Suit was filed on February 6, 1947, almost 13 years after the Statute of Limitations commenced to run and more than 3 years after the death of the maker, Agnes L. Sage, who died on December 26, 1943. The other maker, Donald A. Sage, died October 24, 1946, over 2 years after the bar of the Statute had become absolute. No estate in probate was ever opened for the said Agnes L. Sage. Hence the action is barred by the Statute of Limitations and strict foreclosure can not be invoked." Plaintiff states his theory as follows: ". . . that Agnes L. Sage, one of the makers of the notes and trust deed, having died before the running of the ten year statute of limitations, the plaintiff had a right under the law to institute foreclosure proceedings any time within seven years after her death, if her estate was not probated, or any time within nine months after the issuing of letters testamentary or of administration, if her estate was probated; that the record herein shows and the defendants admitted, by their failure to specifically deny, that the estates of the makers of the notes herein were insolvent and that the property in question was of less value than the mortgage debt, and the plaintiff, having evidenced his willingness to accept title to the property in full payment of the mortgage debt, was entitled to a decree of strict foreclosure." Plaintiff further states that the principal note herein was dated June 7, 1930, and was due by its terms on June 7, 1935, and that on June 7, 1945, the ten year bar of the Statute of Limitations would have become effective had not Agnes L. Sage, one of the makers, died on December 26, 1943, before the Statute of Limitations became effective; that by reason thereof and because of the provision of Section 19 of the Statute of Limitations [Ill. Rev. Stats. 1943, ch. 83,

par. 20; Jones Ill. Stats. Ann. 107.279] the running of the statute was arrested.

Section 19 provides as follows: ". . . If a person against whom an action may be brought die before the expiration of the time limited for the commencement thereof, and the cause of action survives, an action may be commenced against his executors or administrators after the expiration of that time, and within nine months after the issuing of letters testamentary or of administration." Defendants contend that Section 11, which they set forth in their answer, bars plaintiff's action.

■■ There is no merit in this appeal. Title to the property in question was in Agnes L. Sage at the time of the execution of the notes and trust deed and at the time of her death, December 26, 1943. As she died before the running of the ten-year Statute of Limitations the mortgage was then in full force and effect. Plaintiff then had seven years in which to enforce the lien of his mortgage. (See our opinion in *In re Estate of Levy*, 335 Ill. App. 367. Appeal denied by the Supreme court, 401 Ill. 630.) The instant complaint was filed on February 6, 1947, which was well within the seven-year period. When Donald A. Sage died, on October 24, 1946, the ten-year Statute of Limitations had run and plaintiff concedes that he then had no right of action against the husband upon the note, but he contends that the law is well settled that the lien of a mortgage kept alive as to one joint maker is enforceable against the mortgaged premises. This contention is a meritorious one. In *Ritzmuller v. Neuer*, 130 Ill. App. 380, Henry F. W. Ritzmuller and his wife executed their joint and several promissory note in the sum of $800, payable to the order of Matthias Neuer one year after date with interest, etc., and to secure the payment of the note Ritzmuller and his wife executed a mortgage upon certain real estate owned by the husband.

The husband died intestate October 6, 1900, leaving his widow and certain adult and minor children as his heirs at law. It appeared that the joint note as to the husband was barred by the Statute of Limitations but that it was still enforceable against the wife. The court, in its opinion, states (pp. 382, 383):

"But conceding that the Statute of Limitations had run upon the note so far as the liability thereon of Henry F. W. Ritzmuller was concerned, it would not defeat complainant's right to foreclose his mortgage as against the interest of said Henry F. W. Ritzmuller and his heirs in the real estate therein described. The note is the joint and several note of Henry F. W. Ritzmuller and Hannah, his wife, and it is uncontroverted that Hannah Ritzmuller made payments of interest thereon after the death of her husband, and up to and until June 27, 1905, and that there was due from her upon said note the sum found by the decree.

". . . a mortgage given to secure the payment of a joint and several note will operate to continue a lien on the mortgaged premises so long as payment of the note may be enforced against either joint debtor and until the debt is extinguished. True, if the Statute of Limitations had run against the note, so far as Henry F. W. Ritzmuller was concerned, no personal judgment for the payment of money could be rendered against him, but this would not bar the right of appellee in a proceeding *in rem* to foreclose his mortgage, to a decree of foreclosure against the property involved for the payment of a subsisting debt which the mortgage was given to secure." (See, also, *Holroyd v. Millard,* 142 Ill. App. 392, 396, 397, 400; *Holmes v. Bartlett,* 160 Ill. App. 443, 448; *Hippard v. Rebhan,* 199 Ill. App. 261.)

It has been repeatedly held that the right to foreclose a mortgage is not barred if the debt is not barred. In *Kraft v. Holzmann,* 206 Ill. 548, the court states (pp. 549, 550):

"We have repeatedly held in such cases, that the debt is the principal thing and the mortgage or trust deed but an incident thereto; that section 11 of the Limitation act must be construed in connection with section 16, applicable to promissory notes, and that the mortgage will not be barred until the debt is barred."

It is a reasonable inference from the record that Donald A. Sage signed the trust deed solely to release his dower. We hold that plaintiff was not barred from foreclosing the instant trust deed.

██ In defendants' reply brief they contend that "the master's report was in error and it is quite apparent that the evidence presented to the master wasn't true," and that "therefore it is impossible to sustain a decree founded on such false premises." No such point was made in their brief and therefore, under our rules, it cannot be made in their reply brief. Moreover, in their unverified petition to vacate the decree defendants made certain complaints as to the master's report and JUDGE SCHWARTZ, after a hearing, denied the motion of defendants to vacate the decree, and they did not appeal from that order.

We do not deem it necessary to pass upon several points raised by plaintiff in support of the decree.

The decree of the Superior court of Cook county is affirmed.

*Decree affirmed.*

SULLIVAN, P. J., and FRIEND, J., concur.