Casimir E. Zyks, Appellee, v. Dorothy Bowen et al. On Appeal of Dorothy Bowen, Ed. Hoopes, Frances Wright, and Tommy Wood, Appellants.

Gen. No. 46,028.

Opinion filed November 10, 1953. Released for publication December 1, 1953.

IRVING B. CAMPBELL, HAROLD C. OSBURN, and HAROLD V. SNYDER, all of Chicago, for appellants; HAROLD V. SNYDER of Chicago, of counsel.

LUSTER & LUSTER, of Chicago, for appellee; JULIAN J. LUSTER, of Chicago, of counsel.

MR. JUSTICE TUOHY delivered the opinion of the court.

Plaintiff filed his bill to foreclose a trust deed in the nature of a mortgage given to secure a principal note in the amount of $4,000. The defense urged was that although the debt remained existent, the lien of the trust deed expired by limitation under the provisions of section 11 (b) of the Illinois Limitations Act [Ill. Rev. Stats. 1951, ch. 83, § 11b; Jones Ill. Stats. Ann. 107.270(1)] because the note and trust deed were more than 20 years past due at the time suit was filed and no extension agreement or affidavit had been filed in the interim as required by the Act. The cause was referred to a master in chancery who found that the principal indebtedness had been reduced to $3,500 and that this sum, together with interest, solicitor's fees and other

costs, making a total of $4,510.93, was due. From a decree approving the master's report and awarding plaintiff master's fees and court reporter's fees, making the total amount of the judgment $4,955.11, and ordering the property sold to satisfy the indebtedness, defendants appeal.

The evidence before the master shows that on May 5, 1923 Mabel B. Hoopes, now deceased, and Ed. Hoopes, her husband, one of the defendants, being indebted in the sum of $4,000, executed a note payable five years after date bearing interest at the rate of 6% per annum, payable semiannually, evidenced by 10 interest notes; and to secure said indebtedness executed the trust deed of even date with said note. The trust deed was recorded in the office of the Recorder of Cook County, Illinois, on May 8, 1923. The interest notes were paid as they became due and were cancelled. Subsequent written extension agreements and extension interest coupons were executed, none of which were recorded, the last extending payment of the indebtedness (which in the meantime had been reduced by a $500 payment) until May 5, 1951. The default in the principal payment occurred on May 5, 1951. The title to the property through the years was in Mabel Hoopes, and after her death was in her heirs. Foreclosure proceedings were instituted on June 22, 1951, approximately two months after the default.

The question for our determination is whether, because of failure to file for record extension agreements within the 20 year period provided for in section 11(b) of the Limitations Act (chap. 83, Ill. Rev. Stat.), the lien expired, notwithstanding the fact that the indebtedness has been kept alive by payments.

After careful examination of the Illinois authorities we are of the opinion that, as between the

parties here, the lien of the mortgage was preserved by the written extension agreements even though unrecorded.

Our conclusion rests in part upon our analysis of *Kraft v. Holzmann,* 206 Ill. 548, and several later cases. While the litigants in the *Kraft* case were the holder of a mortgage and a subsequent lien holder, and in that particular the case differs from the instant one where the original parties are involved, the general statements of substantive law in the *Kraft* case are relevant. There the time for the payment of the note had been extended and an agreement extending the lien of the trust deed had been executed but not recorded. It was contended that the failure to record the trust instrument caused its expiration under the terms of the existing limitation statute. The court said (pp. 549–551):

"The first contention of the appellants is, that when the bill was filed to foreclose the deed of trust the suit was barred by the eleventh section of the act in regard to limitations, which section is as follows: 'No person shall commence an action or make a sale to foreclose any mortgage or deed of trust in the nature of a mortgage, unless within ten years after the right of action or right to make such sale accrues.' (Hurd's Stat. 1901, p. 1163.)

"We have repeatedly held in such cases, that the debt is the principal thing and the mortgage or trust deed but an incident thereto; that section 11 of the Limitation act must be construed in connection with section 16, applicable to promissory notes, and that the mortgage will not be barred until the debt is barred. . . .

". . . It was not necessary that subsequent encumbrancers or purchasers should have notice of any such

494

extension. The recording of the deed of trust gave all the notice necessary to be given."

Thereafter, in 1941, section 11 was amended by the addition of section 11 (b), which now provides:

"The lien of every mortgage, trust deed in the nature of a mortgage, and vendor's lien, the due date of which is stated upon the face . . . shall cease by limitation after the expiration of twenty years from the time the last payment on such mortgage, trust deed in the nature of a mortgage, or vendor's lien became or becomes due upon its face and according to its written terms, unless . . . the owner or trustee of such trust deed in the nature of a mortgage either

"(1) Before the effective date of this Amendatory Act, and within such twenty year period has filed . . . for record an extension agreement . . . or

"(2) After the effective date of this Amendatory Act, and within such twenty-year period or within one year after the effective date of this Amendatory Act, provided the above mentioned due date of the instrument was more than nineteen years before the effective date of this Amendatory Act, files . . . for record, either (1) an affidavit executed by himself or by some person on his behalf, stating the amount or amounts claimed to be unpaid on the indebtedness secured by such mortgage, trust deed . . . ; or (2) an extension agreement executed as hereinafter provided: . . . ."

██ The purpose of the Amendatory Act, section 11 (b), as we view it, was to modify that portion of the holding in the *Kraft* case which held that the recording of extensions was not required as to subsequent encumbrancers and purchasers. The doctrine of *Kraft v. Holzmann*, except insofar as it pertains to subsequent purchasers or encumbrancers, remains the law of this State and has been followed as late as *Munyon*

*v. Wilson,* 322 Ill. App. 680, 687 (1944) and *Fohrman v. Laird,* 338 Ill. App. 393, 400 (1949). *McCarthy v. Lowenthal,* 327 Ill. App. 166, does not suggest, as defendants argue, that the legislature intended to change the long established rule that recording was unnecessary between the original contracting parties to a mortgage extension, for in the *McCarthy* case the holder of a mortgage and a subsequent purchaser were the contending parties. *Gary-Wheaton Bank v. Helton,* 337 Ill. App. 294, cited by defendants, also involves a subsequent purchaser.

██ Defendants point out that the Limitations Act states unambiguously that to preserve the lien of a mortgage any extension of the original period must be recorded. They argue that if it were intended that the lien should cease only as to creditors and subsequent purchasers it would have so provided, as does the Conveyances Act. We think this construction of the Limitations Act unduly literal. In the case of *People v. Wallace,* 291 Ill. 465, the court said (p. 468):

"The real purpose and intent of the legislature will prevail over the literal import of the words. . . . It is a principle of construction that statutes must be interpreted according to their intention and meaning and not always according to the letter. That which is within the intention is within the statute though not within the letter, and that which may be within the letter is not within the statute unless within the intention."

██ ██ The extension agreements here were contracts between the original parties, wherein it was agreed that all the covenants and agreements in the note and trust deed should be unchanged and remain in full force and effect during the extended period. No reason appears why under the policy of this State

parties should not be free to so contract, or why as between the original parties any recording is necessary. In Reeve on Illinois Law of Mortgages and Foreclosures, sec. 210, the rule as to mortgages in this particular is stated as follows:

"As between the parties to it a mortgage which has been duly executed and delivered is valid and binding even though it is not recorded. So where no conflicting rights of third persons intervene, the instrument will create a lien on the property affected and may be foreclosed by proper proceedings, without proof of its having been placed on the record."

If the mortgage operates as a lien without recording as to original parties surely the legislature did not intend that an extension agreement should have a different status.

The decree of the circuit court of Cook county is affirmed.

*Decree affirmed.*

SCHWARTZ, P. J. and ROBSON, J., concur.